**UNDERWOOD et al. v. WHITE.**

MANDAMUS—*What petitioner must show.*—The petitioner, seeking mandamus, must show a clear legal right to the subject matter of his petition; and the ·writ will not be issued to admit a person to office while another is in under color of title.

APPEAL FROM PHILLIPS CIRCUIT COURT.

HON. JOHN E. BENNETT, *Circuit Judge.*

*Palmer & Sanders,* for Appellants.

The court erred in granting the writ of mandamus, because :

*First.* The Board of Equalization had and exercised a legal discretion.

"*Mandamus* will not lie where an inferior tribunal, having a discretion, has exercised it." *Ex parte Barrett,* 2 *Cow.* 458; *Ex parte Nelson,* 1 *Cow.* 417; *Gray vs. Bridge,* 11 *Pick.* 189; *Ex parte Bailey,* 2 *Cow.* 479; *Ex parte Benson,* 7 *Cow.* 363; *Lamar vs. Marshal,* 21 *Ala.* 722; *People vs. Judge of Wayne Co.. Court,* 1 *Maine,* 359; *The State vs Washington Co.* 2 *Chand.* 247; *Regina, vs. Justices of Derbyshire,* 14 *Eng. Law and Eq.,* 428; *Williamson Ex parte,* 8 *Ark.* 424; *Gunn vs. County of Pulaski* 3 *Ark.* 427; *Brem vs Arkansas County,* 9 *Ark.,* 240; *Notes to Kentucky Code. Sec.* 526.

*Second.* Petitioner's rights, as claimed, were not clear and legal.

"*Mandamus* will only lie where a party has clear legal rights, and no other specific remedy." *Napier vs. Poe,* 12 *Geo.,* 170; *Swann vs. Work,* 24 *Mis.,* 439; *Railroad Co. vs. Clinton,* 1 *Ohio State R.* 77; *State vs. the Justices of Moore,* 2 *Iredell,* 430; *State vs. the Justices, Dudley Geo.,* 37; *Going vs. Mills,* 1 *Ark.,* 11; *Ex parte Jones,* 1 *Ala.,* 15; *Spraggins vs. County Court of Humphries, Cooke,* 160; *People vs. Corporation of Brooklyn,* 1 *Wend.,* 318; *Marbury vs. Madison,* 1 *Cranch,* 137.

*Third.* Petitioner had a specific remedy, clearly pointed out by chapter 12, of title X of the Code of Practice.

"*Mandamus* will not lie where there is another specific remedy for the party complaining." *Justices vs. Munday*, 2 *Leigh.* 175; *State vs. Dunn, Minor*, 46; *State vs. Holliday*, 3 *Halst.* 205; *Commissioners vs. Lynch*, 2 *McCord*, 170; *Boyce vs. Russell*, 2 *Cow.*, 444; *Ex parte Nelson*, 1 *Ib.*, 417; *People vs. Brooklyn*, 1 *Wend.*, 318; *State vs. Bruce, Const. Rep.*, 165, 175; *Morris vs. Mechanics*, 10 *Johns*, 484; *Board of Commissioners vs. Hicks*, 2 *Carter*, 527; *Williamson Ex parte.* 8 *Ark*, 424; *Cheatham ex parte*, 6 *Ark.*, 437; *Goheen vs. Meyers*, 18 *B. Mon.* 426.

*Fourth.* The rights of a person not before the court were affected.

"If it appear that the rights of persons not before the court will be effected, a writ of *mandamus* will not be issued." *Commissioner of Land Office vs. Smith*, 5 *Texas*, 471.

*Garland & Nash*, for Appellee.

It is submitted: That the law of July 23, 1868, was a general law on the subject of filling vacancies, where, under the new Constitution, the old officers went out before the time for which they were elected expired, and that it repealed the former laws providing therefor. *Sedgwick Construc.*, 41, 121; *Pulaski Co. vs. Dower*, 10 *Ark.* 589.

There was no vested right in Robinson to this office. 9 *Ark.* 270; 23 *Missouri*, (2 *Jones*) 22; *Conner vs. Mayor*, 1 *Selden*, 285; 4 *Elliott's Debates*, page 150, 2d part, 1st edition; *R. M. Charlton Rep.* 400-5; 3 *Kent*, 362, 1st edition; 7 *Hill*, 81; 2 *Denio*, 272.

The appellee only asked to have the oath of office administered.

To compel the administration of an oath to a party holding office, by *mandamus*, has been done almost from time immemorial. 6 *Bacon Abridgement*, page 500 (*mandamus*) *C*; *The People vs. The Board*, etc., 26 *N. Y., Reps.* 316; *Harwood vs. Marshall*, 9 *Indiana*, 83; *Benton vs. Wilson*, 4 *Texas*, 400; *Greene vs. the African*, etc., *Society*, 1 *Serg. & Rawles*, 254; *Douglass. Reps.* 158; 2 *Binney*, 441-8; 5 *Ib.*, 486; 2 *Serg &*

*Rawles*, 141; 10 *Barr Reps.*, 357; 15 *Penn*, 251; *State vs. Common Council*, 9 *Wisconsin*, 254; *Moses on Mandamus, page* 149-151; *Tapping on Mandamus, page* 172-76-86.

HARRINGTON, *Special J.*—The appellee, as assessor of Phillips county, brought his action in the Phillips County Circuit Court, by petition for *mandamus*, to compel the appellants, Samuel J. Clark, county clerk, Frank Trunky, county surveyor, and Q. K. Underwood, county judge, as members of the Board of Equalization of real property for said county, to allow him to be sworn and qualified as a member thereof, and to sit and act with, and as a member of such board.

The court granted the order prayed for; the appellants excepted to the judgment, and appealed to this court. The law constitutes the county clerk, county assessor, county surveyor and county judge a board for the equalization of real property of their county: *Sec.* 66, *Act Approved April* 8, 1869.

If, therefore, the appellee were the assessor of Phillips county, he was clearly entitled to the privileges sought by his petition; and if his title to the office were undisputed, the proceedings in the court were proper.

But the petition of the appellee discloses the fact that one H. B. Robinson also claimed to be assessor of said county, and the record in the case shows that he was then performing the duties of said office, and was in possession of the same, at least, under color of right.

The right, therefore, to sit as a member of the board of equalization, is altogether subordinate; the main question being title to the office of assessor; this being established, the right to sit and act as a member of the board of equalization of real property, would follow as a matter of course.

The practice is well settled, that the petitioner seeking mandamus, must show a clear legal right to the subject matter of his petition; that a conflict of title to office being presented, cannot be determined by mandamus; the proper office of this writ being to enforce the performance of a duty, and

not to establish legal rights; that it will not be issued to admit a person to an office while another is in under color of right. See *Fitch vs. McDiarmid*, 26 *Ark.*, 482, and the authorities there cited.

The facts of record, in the case, do not bring the appellee within the rule; the mandamus, therefore, was improvidently and erroneously awarded; the judgment will be reversed, and the cause remanded with instruction to dismiss the petition.

BENNETT, J. did not sit in this case.

Hon. S. R. HARRINGTON, *Special Justice.*