# CHARLESTON.

## KLINE v. MCKELVEY.

Submitted September 15, 1904.    Decided January 24, 1905.

1. MANDAMUS.
   *Mandamus* lies to compel the admission or restoration to office of the party having a clear *prima facia* right thereto, shown by a commission, certificate or other legal evidence thereof.   (p. 30.)

2. OFFICE—*Mandamus.*
   Such writ will be awarded directly against one who, under section 2 of chapter 7 of the Code, holds over after the expiration of the term for which he was elected or appointed, to compel him to yield the office to the person elected or appointed to succeed him. (p. 31 )

2. PUBLIC OFFICER— *Vacancy in Office Under Statute.*
   Incumbency of an office, by holding over under said statute, does not preclude the existence of a vacancy as a basis for the exercise of the appointive power under section 5 of chapter 45 of the Code. (p. 33.)

Error to Circuit Court, Tucker County.

Action by Joseph Kline against R. C. McKelvey.   Judgment for defendant, and plaintiff brings error.

*Reversed.    Mandamus Awarded.*

C. O. STRIEBY, CONLEY & SMITH and P. J. CROGAN for plaintiff in error.

CUNNINGHAM & STALLINGS, for defendant in error.

POFFENBARGER, JUDGE:

This case presents, upon a writ of error to a judgment of the circuit court of Tucker county, the question whether *mandamus* lies to obtain admission to an office by a person elected or appointed thereto against another person holding over under the claim that his successor has not been elected and qualified.

The controversy arises between Joseph Kline, who, in November, 1903, was elected to membership in the Board of Education for the District of Davis in Tucker county, but failed to qualify within the time required by law, and was afterwards appointed by the superintendent of free schools

of said county, to the same position for the term for which he had been elected, on one side; and R. C. McKelvey, who, at the time of the election, held the office by appointment to fill a previous unexpired term thereof and refused, upon the demand of Kline, to surrender the office to him, on the other. McKelvey's only claim of title is the authority given, by the statute, to every officer to hold his position "until his successor is elected or appointed and qualified." Section 2, chapter 7, Code.

The scope of the writ of *mandamus* in controversies concerning the title to office has not been very clearly defined in this state, though there are several cases illustrating such use of it. The most important of these are *Bridges* v. *Shallcross*, 6 W. Va. 562, *Goff* v. *Wilson*, 32 W. Va. 393, *Schmulbach* v. *Speidel*, 50 W. Va. 553, and *Dew* v. *Judges*, 3 Hen. & Munf. 567. It has often been judicially declared that *mandamus* is a proper remedy for the trial of title to office, and will lie where there is another appropriate remedy, because it is more speedy, and therefore a more adequate, remedy. *Banton* v. *Wilson*, 4 Tex. 400; *Lindsey* v. *Luckett*, 20 Tex. 516; *Harwood* v. *Marshall*, 9 Md. 83; *Strong's Case*, 20 Pick. 484; *Conlin* v. *Aldrich*, 98 Mass. 557; *Dew* v. *Judges*, cited. On the contrary, it is more generally declared that *mandamus* is not the remedy for trial of title to office. *People* v. *Olds*, 3 Cal. 167; *Meredith* v. *Supervisors*, 50 Cal. 433; *Warner* v. *Myers*, 4 Ore. 72; *People* v. *New York*, 3 John. Cas. 79; *People* v. *Stevens*, 5 Hill (N. Y.) 616; *Matter of Gardner*, 68 N. Y. 467; *Denver* v. *Hobart*, 10 Nev. 28; *Brown* v. *Turner*, 70 N. C. 93; *Fitch* v. *McDiarmid*, 26 Ark. 482; *Underwood* v. *White*, 27 Ark. 382; *People* v. *Treasurer*, 36 Mich. 416; *State* v. *Auditor*, 34 Mo. 375; *People* v. *Detroit*, 18 Mich. 338; *People* v. *Head*, 25 Ill. 325; *State* v. *Dunn*, 12 Am. Dec. 1.

For the purposes of this case it suffices to say that the writ of *mandamus* is a proper remedy for the admission or restoration to office of one who holds the clear legal *prima facie* right to it. Upon this proposition, all the authorities agree. See *State* v. *Dunn*, 12. Am. Dec. 25, and the able and exhaustive note, reviewing the cases, at page 28. No case decided by this Court seems to go beyond this limit, nor is any instance recalled in which the jurisdiction by

*mandamu* has been held to stop short of it. A *mandamus*
was refused in *State* v. *Thompson & McCallister*, 38 W. Va.
485, but the decision turned upon the peculiar nature of the
controversy, it being one in which a town council had refused
to admit one who had been elected to membership in that
body, on the ground of his ineligibility. As that case
materially differs from this in its facts and the relations sub-
sisting between the parties, the principle there announced
does not bar the remedy in this case, and may not contravene
the general principles above announced.

Often the conditions under which the writ is awarded
are different from those presented in this case. In *Dew*
v. *Judges*, cited, it was directed, not to the wrongful in-
cumbent of the office, but to the court whose duty it was to
admit or restore the clerk. This relationship is character-
istic of the larger number of the reported cases. But the
writ may be invoked directly against the person holding the
office, requiring him to admit thereto his successor; for it is a
part of his official duty to turn over to his successor the
books, papers and property belonging to the office and the
insignia thereof. Thus, in *Bridges* v. *Shallcross*, cited,
and in *Goff* v. *Wilson*, 32 W. Va. 393, the respondents
were, respectively, Shallcross and Wilson, the parties
holding the offices in question. In the former, Shallcross
was in office by appointment of one board and Bridges
claimed the office by a subsequent appointment of another
board, and the test of the right of the petitioner was the con-
stitutionality of the legislative act in pursuance of which his
appointment was made. Neither of the two boards, assert-
ing conflicting authority respecting the appointment, was
made a party to the proceeding, and the whole matter was
settled upon the issue made between the incumbent of the
office and the party who claimed as his successor. In the
former case, the office in question was independent of the
power of appointment by any inferior board or tribunal. In
these cases the remedy was invoked against persons who had
lawfully and rightfully occupied the offices and were holding
over after the expiration of their terms, awaiting the election
or appointment and qualification of their successors. Such
also is the present case, and the authorities uniformly hold
that, under such conditions, the writ of *mandamus* will go,

at the instance of the person entitled to the office, directly against the incumbent thereof, to compel him to yield to his successor.    *Walter* v. *Belding*, 24 Vt. 658;   *Burr* v. *Norton*, 25 Conn. 103;   *Warner* v. *Myers*, 4 Ore. 72;   *People* v. *Head*, 25 Ill. 325.    In this respect the case of *Schmulbach* v. *Speidel*, 50 W. Va. 553, may be regarded as going further, since the respondents therein were not holding over, but had ousted the petitioners from their offices.    Whether, by holding *mandamus* to be a proper remedy in such case, any rule was violated, it would be useless now to inquire, but authority is not wanting for the proposition that the writ will go against an intruder under color of authority.    *Banton* v. *Wilson*, 4 Tex. 400; *Lindsey* v. *Luckett*, 20 Tex. 216; *People* v. *Kilduff*, 15 Ill. 492; *Kimball* v. *Lamprey*, 19 N. H. 215.    Why should it not go against a *de facto* officer?    His acts are valid, and, to allow them efficacy, as regards the public generally and then deny that he has any official power, so as to deprive the person entitled to the office of the benefit of an expeditious remedy against him, on the technical ground of want of legal right to the office, savors of inconsistency and sacrifices substance to technicality.    Moreover, it allows the intruder to set up in his own behalf, and for his own protection, his own want of title and his own wrong, contrary to well settled principles of law.    "The act of an officer *de facto*, where it is for his own benefit, is void, because he shall not take advantage of his want of title which he must be cognizant of."    *Building Assn.* v. *Sohn*, 54 W. Va. 101, 114.    However, we are not to be understood as reaffirming the holding in *Schmulbach* v. *Speidel*.    What is said here on that subject is necessarily *obiter*, since the state of the case does not raise the question.

On what ground the court based its action in refusing a peremptory writ of *mandamus* does not very clearly appear. The motion to quash the writ, the motion to dismiss the petition and the demurrer to the writ, as stated in the order, were all overruled, and yet the court refused the peremptory writ and dismissed the proceeding.    The return does not controvert the election of the petitioner, his qualification after the time had expired, his subsequent appointment by the county superintendent nor his qualification after appointment.    It does deny that there is any vacancy in the office

because it says the respondent is in the office holding over. It is further objected by the demurrer to the writ that it asserts conflicting claims to the office, that it fails to show that Kline was appointed to succeed McKelvey, that it failed to show whether he is claiming by election or appointment, that it sets up a double claim to the office and that it shows McKelvey to be in the office, exercising the duties thereof at the time of Kline's appointment. The respondent's incumbency of the office after the expiration of his term could be no bar to the right of appointment. For the purposes of appointment, there is a vacancy, notwithstanding his occupancy, Section 2 of chapter 7 of the Code virtually says this, for it provides that the term of every officer shall continue until his successor is elected or *appointed* and qualified. To say the least, it implies that an appointment may be made while the officer is awaiting the selection of his successor. The allegations of Kline's election and appointment are proved by certificates exhibited with the petition. It is further asserted that he was elected and appointed as successor to McKelvey, and this last allegation is not denied by the return. The averment, must, therefore, be taken as true. Though the petition does not set up conflicting claims to the office, it clearly shows the legal title to be in Kline. In law, it shows no conflicting rights. Moreover, it is immaterial that he asserts two titles to the office, one by election and the other by appointment. Though they cannot stand together, it is manifest that either the election or the appointment vests the right to the office in Kline. In the brief there is much discussion as to whether or not the failure to qualify as an elected officer, within the time limited by the statute, forfeited the office, but it is unnecessary to decide that question.

The conclusion, resulting from the foregoing authorities and reasoning, is that the court erred in refusing the writ and dismissing the petition. Therefore, the judgment will be reversed and a peremptory writ of *mandamus* will be awarded, commanding the respondent, McKelvey, to yield possession of the office in question to the applicant and turn over to him the insignia thereof.

*Reversed. Mandamus Awarded.*