# CHARLESTON

MARTIN *et al.* v. WHITE *et al.*

Submitted June 3, 1914.   Decided June 30, 1914.

1. MANDAMUS—*Title to Office—Evidence.*
   To admit one to office by mandamus a clear legal right to the office must be shown by the claimant. (p. 630).

2. MUNICIPAL CORPORATIONS—*Town Council—Title to Office.*
   By statute, Code 1913, ch. 47, sec. 23, a town council may judge of the election and qualification of its own members, but it can not do so validly without notice to him whose election or qualification is questioned. (p. 631).

3. SAME.
   One claiming office as member of a town council on the ground that another entitled thereto by the face of the returns has by the judgment of the council been declared disqualified to hold the office,

, does not show legal right to the same when the judgment of disqualification is void. (p. 632).

4. MANDAMUS—*Title to Office—Jurisdiction.*

Where by Code 1913, ch. 47, sec. 23, a town council is the tribunal to judge of the election and qualification of its own members, the question whether in fact one is qualified to be a member of the council is not cognizable in mandamus. (p. 632).

Error to Circuit Court, Wetzel County.

Application by J. E. Martin and others for writ of mandamus against J. B. White and others. Judgment for plaintiffs, and defendant brings error.

*Reversed, and Judgment Rendered.*

*Robinson & Robinson,* and *Larrick & Lemon,* for plaintiffs in error.

*J. F. Throckmorton,* and *M. H. Willis,* for defendants in error.

ROBINSON, JUDGE:

Martin and Kearns by mandamus demand admission to the offices of mayor and councilman, respectively, of the town of Hundred, a municipal corporation under the provisions of chapter 47 of the Code of West Virginia. A judgment below awards the petitioners the peremptory writ. The respondents prosecute error.

The petitioners were candidates at a regular town election to succeed themselves in the offices named. . The town council as a canvassing board found that the competitors of petitioners for the offices had received the highest number of votes. Immediately after the canvass of the returns the council adjourned as a canvassing board and reconvened in council meeting. Objections were at once entered to issuing certificates of election to White, who had received the highest number of votes for mayor, and to Mayne, Booth, Kuhn, and Zimmerman, who on the face of the returns were elected as councilmen. These objections were based on disqualification under the following provision of the statute: "No person shall be qualified to hold the office of mayor, recorder, or councilman of such city, town or village unless he is a legal

voter and was for the preceding year assessed with and paid taxes upon at least one hundred dollars worth of real or personal property therein.'' Code 1913, ch. 47, sec. 13. The council sustained the objections entered, held White, Mayne, Booth, Kuhn, and Zimmerman to be disqualified, declared that those who had received the next highest number of votes were elected, and ordered certificates of election to be issued to them. But, notwithstanding this action of the council, White and the others took their oaths of office as mayor and councilmen, respectively, and, with the duly elected recorder and a duly elected councilman as to whom no objections of disqualification were entered, proceeded to act as the council of the town. They have ever since acted as such. Petitioners claim that White and the others who were declared to be disqualified are intruders into the offices.

(1) That in the Virginias mandamus lies to admit to office one who shows the legal right thereto, there can be no question. It is sometimes said that title to office may be settled by mandamus. This statement is not accurate. There are many contests for office which can not be settled by mandamus proceedings. It is where one's title to an office is as a matter of law settled that mandamus because of his legal right will admit him thereto. An examination of the subject throughout the cases will lend support to no other view. The gist of it all is that to admit one to office by mandamus, or, to use the inaccurate expression, to settle title to office by that remedy, a clear legal right to the office must be shown by the claimant. It is a basic principle in mandamus that the relator or petitioner must show a clear legal right to what he demands. *Hutton* v. *Holt*, 52 W. Va. 672; Moses on Mandamus, 124; Merrill on Mandamus, sec. 56.

Then, do petitioners show clear legal rights to the offices they demand? They say they are entitled because the so-called intruders were declared disqualified under the statute. They maintain that as holdovers they are entitled as against those who were declared disqualified. But assuming that as holdovers petitioners are entitled to claim as against those returned as elected but declared to be disqualified, we are of opinion that disqualification of those returned as

elected has not been legally established, and that by the face of the returns as canvassed they have prima facie rights to the offices they now fill. Until the disqualification of those who were found to be elected on the face of the returns is established according to law, petitioners clearly do not show themselves entitled. The prima facie rights of White and others to certificates of election must be brushed out of the way by proper legal action before petitioners in any event can claim. Was the action of the council in·that regard sufficient? Did it bar White and the others from their prima facie rights shown by the face of the returns? We answer in the negative.

(2) It is indeed fundamental that "no man shall be condemned unheard." A judgment purporting to deprive one of right without giving him an opportunity to be heard in resistance to the deprivation of his right can not avail. It seems to be conceded that those declared by the council to be disqualified to hold the offices to which they were elected were given no notice or opportunity of a hearing on the charges of disqualification made against them. The record of the council does not show notice. Nor does it show that those against whom the charges were made appeared to the proceedings. The council's action in a matter of this kind is void when its jurisdiction to act does not by its record affirmatively appear. *Shank* v. *Ravenswood*, 43 W. Va. 242. The proceedings by which White and the others were declared disqualified were wholly ex parte. One's election to office can not be annulled that way. The proceedings were not even taken at a regular meeting of the council, but at a special one. True, "all contested elections shall be heard and decided by the council." Code 1913, ch. 47, sec. 23. And, "this constitutes the council a special tribunal to judge of the election and qualification of its own members." *Thompson* v. *McAllister*, 38 W. Va. 485. But the law inherently prescribes that notice of the proceedings shall be given to those whose rights are contested. White and his colleagues were deprived of the prima facie rights appearing in their favor on the face of the canvassed returns, without notice to them that the council would act on charges affecting those rights. The action of the council in adjudging

74 W. Va.

them disqualified to hold the offices is absolutely void. It does not supersede their prima facie rights to the offices. The certificates of election issued to petitioners are of course equally as void as the action on which the issuance of the certificates is based.

(3)  Now, since the election of White and the others appearing by the returns has not been put out of the way by valid action of the council in judging of the election and qualification of its own members, what showing do petitioners make for admission to the offices they claim? Plainly none. As long as the election of White and his colleagues is not legally superseded, petitioners can not legally have rights. Indeed the demand of petitioners for the writ of mandamus is based on the assumption of the ouster of White and the others by a valid judgment of the council. We have shown that the assumption is not well founded.

(4)  The question whether White and the others were in fact disqualified is not cognizable in mandamus. It can not properly arise in these proceedings. The statute constitutes the council of the town a tribunal to hear and determine that question. The jurisdiction is there, not in mandamus. "The election and qualification of municipal officers are matters of which, in the first instance, the council of the city, town or village has sole and exclusive cognizance, within the limitations prescribed by law. Should it decide erroneously, there is appellate, but not original, jurisdiction in the circuit court." *Moore* v. *Holt,* 55 W. Va. 507; *Thompson* v. *McAllister,. supra.* We have not a case of the council deciding erroneously as to the qualification of its members. As we have seen, it did not decide at all. What it undertook was abortive and void for want of notice to those most interested. Its action is as if none was ever taken by it. But even if it had validly proceeded and then decided erroneously, mandamus would not properly lie and operate by way of review of its judgment. The remedy is by certiorari, plainly provided by law. Mandamus will not be allowed to usurp the function of appellate process. It can never be employed in the absence of statute for the correction of errors of inferior tribunals acting judicially. *State*

v. *County Court,* 33 W. Va. 589; *Miller* v. *County Court,* 34
W. Va. 285; *Roberts* v. *Paul,* 50 W. Va. 528.

Petitioners having failed to show legal rights to be admitted to the offices they demand, the peremptory writ should have been denied. The judgment will be reversed, and proper judgment denying the writ will be entered here.

*Reversed, and Judgment Rendered.*