# CHARLESTON.

TRUNICK *et als.* v. TOWN OF NORTHVIEW *et als.*

Submitted February 27, 1917.   Decided March 20, 1917.

1. MANDAMUS—*Possession of Office.*

   One who has been duly elected a member of the common council of a city, town, or village pursuant to chapter 47, Code 1913, and the returns of such election have been canvassed, the result ascertained and declared, and a certificate of election has been issued to him, and he has taken the proper oath, is prima facie entitled to the office, and when denied his right mandamus lies to admit him to his seat in such council. (p. 10).

2. MUNICIPAL CORPORATIONS—*Council—Determination of Election of Member.*

   The council to which such member has been so elected, and not some previous council is the one entitled to further sit in judgment on his election to and qualification for the office. (p. 12).

3. Same—*Council—Right to Office.*

But his prima facie right is not conclusive in a proper proceeding instituted against him to try his right and title to the office. (p. 13).

Petition by Henry Trunick and others against the Town of Northview and others, for writ of mandamus.

*Peremptory writ issued.*

*H. W. Harmer* and *J. E. Law,* for petitioners.

*Homer Strosnider* and *F. O. Sutton,* for respondents.

Miller, Judge:

By mandamus petitioners seek to be inducted into the office of councilmen, to which they were elected on January 4, 1917, and who, on the canvass of the returns of said election, were declared elected, and to whom certificates of election were duly issued by the proper authority.

In their petition and in the alternative writ they aver that they took and subscribed the proper oath of office, and that they are, and each of them is, duly elected and in every respect qualified as a member of the council of said town, for the term of one year from the 1st day of February, 1917, and until their respective successors be elected and qualified.

Petitioners also aver, and in support thereof exhibit copies of the proceedings of the council, and it is moreover shown by the return of respondents, and by affidavits filed on behalf of both parties, that on January 30, 1917, after the election, canvass of the returns, and the issuance of certificates of election to each of them, respondents met in councilmanic session, and without notice to petitioners undertook to declare their offices vacant, and petitioners disqualified to hold the offices to which they were respectively elected, and to appoint in their stead the respondents Queen, Coulson, and Stull; and that subsequently, on January 31st, 1917, at a called meeting, without notice to petitioners, they undertook to re-affirm their action of the previous day, the ground thereof, as recited in the resolutions, being that petitioners had not the requisite property qualifications, prescribed by section 13, of chapter 47, Code 1913.

And it is further averred that at a meeting held on February 6, 1917, the first regular meeting of the council for the year for which petitioners were so elected and qualified, and at which meeting the councilmen, so appointed to fill the alleged vacancies declared by the previous resolutions, were present and pretended to act, and without authority, or notice to petitioners, said council undertook to adopt another resolution declaring petitioners disqualified to hold the offices to which they had been so elected. They further aver that at this meeting petitioners appeared in person and by counsel and demanded to be seated as members of said council, but were denied their seats therein by respondents, but they made no appearance, and did not waive notice of the proceedings respecting their offices, and did nothing except to demand their right to be seated.

Respondents have appeared to the alternative writ and moved to quash the same, and also filed their return in writing, in which they challenge the jurisdiction of this court to review by mandamus the actions and proceedings of said council, and contend that certiorari, and not mandamus, is the proper remedy.

Construing section 23, chapter 47, of the Code, in connection with section 2, of chapter 110, it was decided in *State ex rel. Thompson* v. *McAllister*, 38 W. Va. 485, and again in *Moore* v. *Holt*, 55 W. Va. 507, 510, that certiorari, and not mandamus, is the proper remedy, to review the proceedings of a municipal council under said section, and that the council of the city, town, or village has sole and exclusive cognizance thereof, within the limitations prescribed by law. Section 23 is: "All contested elections shall be heard and decided by the council." The facts in *State·ex rel Thompson* v. *McAllister*, were substantially the same as in this case, and it was decided that the statute covered such cases. Judge BRANNON dissented, and in the last paragraph of his opinion, citing authorities, he takes a decided stand against the proposition that certiorari, and not mandamus, is the proper remedy. While the points adjudicated, as stated in the syllabus are correct, we do not think they were properly applied to the facts in that case. The cases cited by Judge BRANNON,

and other cases, we think, completely demonstrate this conclusion.

We decided in *Martin* v. *White,* 74 W. Va. 628, and in *Hulton* v. *Holt, Judge,* 52 W. Va. 672, that mandamus does lie to admit one to an office, where a clear legal right thereto is shown. The question presented here is, have petitioners shown that clear legal right which entitles them to their seats? It seems to be well settled by numerous authorities that where one has been elected to an office, the vote canvassed by the proper authorities, the result ascertained, and recorded, and a certificate of election issued to him, and he has taken the oath required and otherwise qualified, he is prima facie entitled to the office, and that his predecessor claiming to hold over until his successor has been duly elected and qualified is a mere intruder, and that mandamus will lie to compel him to surrender the office to the one having the prima facie right. *Supervisors of the Town of La Pointe* v. *O'Malley,* 46 Wis. 35; *State ex rel. Butler* v. *Callahan,* 4 N. D. 481; *State ex rel. Moore* v. *Archibald,* 5 N. D. 359; *Bridges* v. *Shallcross,* 6 W. Va. 562; *People ex rel Evans* v. *Callaghan,* 83 Ill. 128; *Commonwealth ex rel. Ross* v. *Baxter,* 35 Pa. St. 263; *Magee* v. *Supervisors of Calaveras County,* 10 Cal. 376.

Assuming that section 23, chapter 47, Code, has been properly construed, another question presented is, what council is to be the judge of the election and qualification of its own members. Is it the council in office at the time of the election, or the one to which the new member has been elected? Necessarily the council composed of the members in office at the time of the election is the body authorized to canvass the returns of the election and certify the result, but would this council be authorized to sit in judgment in a contest between conflicting claimants to the office of council in the new body? If so, they might arbitrarily and forever perpetuate themselves in office, and defeat the will of the people as expressed in an election. *Supervisors of the Town of La Pointe* v. *O'Malley, supra.* We think a proper construction of the statute requires us to hold, in accordance with the decisions in other states, that it is the council to which a member is

elected that is to sit in judgment and determine the election
and qualification of its own members.   The previous council
sits only as a canvassing board, to ascertain and record the
result of the election as shown by the returns, and is not com-
petent to otherwise judge of the election and qualification of
the newly elected members.   *Hilton* v. *Grand Rapids Com-
mon Council,* 112 Mich. 500; *Jobson* v. *Bridges,* 84 Va. 298;
*Naumann* v. *Board of City Canvassers,* 73 Mich. 252, distin-
guishing *Weston* v. *Probate Judge,* 69 Mich. 600.

Of course the prima facie right shown by the returns of
an election and the declaration of the result is not conclusive
of the right of one to continue in office, but the prima facie
right, as some of the authorities cited hold, entitles him to
be inducted into the office, and to remain until his right has
by proper proceedings been tried and determined by the
proper triers thereof.

For the foregoing reasons we are of opinion to award the
writ.

*Peremptory writ issued.*