# CHARLESTON.

STATE *ex rel.* E. J. QUALLS AND L. L. BURDETTE

v.

THE BOARD OF EDUCATION OF CURRY DISTRICT, PUTNAM COUNTY, C. S. HOLLANDSWORTH, PRESIDENT, BEN KIFF AND W. S. NEAL, COMMISSIONERS, W. T. STUCKEY, SECRETARY, AND W. W. SMITH, COUNTY SUPERINTENDENT OF SCHOOLS OF SAID COUNTY.

Submitted January 10, 1923.    Decided January 16, 1923.

SCHOOLS AND SCHOOL DISTRICTS—*Where he has Failed to Qualify, One Elected or Appointed as Commissioner to Fill Vacancy Cannot Maintain Mandamus to be Inducted Into Office as Against Another Appointed.*

One elected or appointed to the office of school commissioner to fill a vacancy can not maintain mandamus to be inducted into the office as against another appointed to the office by the county superintendent of schools, where he has failed to qualify by filing his oath of office with the secretary of the board of education within ten days after notification of his appointment or the declaration of his election by the constituted authorities.

(McGINNIS, JUDGE, absent).

Mandamus by the State, on the relation of E. J. Qualls and another, against the Board of Education of Curry District, Putnam County, and others, to compel defendants to qualify and accept petitioners as Commissioners of such Board of Education and induct them into office.

*Writ refused.*

*Darnall & Lovins,* for relators.
*C. E. Copen,* for respondents.

MILLER, PRESIDENT:

The alternative writ of mandamus requires the defendants, the board of education, the president, and the said Kiff and Neal as *de facto* commissioners to forthwith convene as such board of education, and to qualify and accept petitioners as commissioners of said board of education and to induct them into their offices as such, and to turn over to them and the defendant Hollandsworth, president, all property, books, records and other things belonging to said board of education, and requires the said Stuckey, secretary, to turn over to said board or its lawfully appointed agent all books, records, contracts, property and other things belonging to said board, and the said Smith, superintendent, to set aside and vacate the pretended appointment of said Kiff and Neal, members of said board, etc.

The relators predicate their right to the relief sought upon the theory that they were respectively nominated, and, at the November election 1922, duly elected to the office of commissioner of said board of education to fill vacancies, one relator to fill out the unexpired term of John West, resigned, ending June 30, 1923, and the other to fill the unexpired term of John Ford, who failed to qualify, ending June 30, 1925, and which vacancies had been filled by the county superintendent at the time of their occurrence by the appointment of said Kiff and Neal to serve until the next general election in November 1922.

The petition was filed and the alternative writ issued out of this court on December 23, 1922, and it is averred in such that the relators were so elected, and that they had each taken the oath of office required by law as such commissioners, and had filed their oaths of office with the said W. T. Stuckey, secretary, but the dates of such oaths and of the filing thereof are not alleged. It is averred, however, that on the 4th day of December, 1922, the said Smith, county superintendent, had undertaken to appoint as for vacancies the respondents Kiff and Neal to said offices respectively, and that they were then pretending to exercise the duties and powers of such commissioners, and who refused to recognize the rights of relators.

Respondents in their return say that there was nothing on the primary ballot nor on the official ballot at the general election in November 1922, made part of the relators' petition and alternative writ, to show for what term or for what vacancy either of petitioners was a candidate; that in truth and fact there were three places to be filled at said election, one for the term expiring June 30, 1923, one for the term expiring June 30, 1925, and the other the full term beginning July 1, 1923, when the unexpired term of West would end; that neither from the result of the primary nor the returns of the general election could it be determined to which of said offices relators had been elected; and moreover, that they had not at the time of the appointment by said superintendent of schools of said Kiff and Neal, December 4, 1922, as for vacancies on said board, then qualified by filing their oaths of office as required by law; wherefore relators had not shown title and right to said offices, nor right to be inducted into office or recognized as such.

It appears from the averments of the petition and alternative writ that the result of relators' alleged election was declared on November 13, 1922, and the return of respondents shows that petitioners did not qualify by filing their oaths of office with the secretary of the board of education until December 21, 1922, seventeen days after the superintendent of schools had filled the vacancies by the appointment of respondents Kiff and Neal, and thirty-eight days after they were declared elected.

It seems unnecessary, therefore, to consider the question of uncertainty as to the offices to which petitioners claim to have been elected, relied on by respondents, for if relators in fact failed to qualify to fill said offices within the time required by law, it was the right and within the jurisdiction of the county superintendent to fill the vacancies caused thereby, which he had undertaken to do long before the relators qualified or attempted to do so, and whereby they lost their rights fairly to occupy the offices to which they allege they were elected.

Section 44, chapter 2, Acts 1919, the general school law, provides for the oaths of school commissioners, but does not prescribe the time after their election or appointment within

which they shall qualify by filing their oaths. But section 8 of chapter 10 of the Code, provides that all officers appointed or elected to fill vacancies "must qualify within ten days after they are notified of their appointment or declared elected." And section 9 of said chapter provides: "If any person elected or appointed to an office fail to qualify within the time prescribed by law, the office shall be deemed vacant."

Such being the law governing the rights of the parties, we do not think relators have shown themselves entitled to relief sought, and we must deny the writ.

*Writ refused.*