# CHARLESTON.

### J. H. CUNNINGHAM v. CITY OF HUNTINGTON.

Submitted November 25, 1924.    Decided December 22, 1924.

1. PUBLIC OFFICERS—*Under City of Huntington Charter Officer Holding Position of Bertillion Inspector by Appointment Cannot Be Transferred to Other Position Except by Charges Preferred Against Him and Notice Fixing the Time and Place of Hearing Same.*

   Under section 78 of the charter of the City of Huntington, where the Board of Commissioners has regularly appointed an officer to the position of Bertillion Inspector, he can not be removed therefrom by transferring him to another position within the same department in which he was acting as Bertillion Inspector, without preferring charges against him and

giving him ten days' notice of said charges, and fixing a time and place of hearing such charges and giving him an opportunity to be heard thereon. (p. 677).

2.   SAME—*Mandamus to Compel Reinstatement to, After Removal, Must Be Brought Within a Reasonable Time and Will Be Denied When Nine Months Have Elapsed 'and the Person Removed Has Accepted Another Office Under the Same Appointive Power and Salary Thereunder.*

Where one is illegally removed from an office to which he has been regularly appointed, and he seeks by mandamus to be reinstated in said office, he must bring said proceedings within a reasonable time from the time he was removed therefrom, and if he delays to bring the same within nine months from the time he is removed, and in the meantime accepts the appointment to another office under the same appointive power, and accepts without protest his regular monthly salary for same, a peremptory writ of mandamus to compel his reinstatement to said office will be denied. (p. 678).

3.   SAME—*Burden of Showing Sufficient Excuse for Unreasonable Delay on the Part of One Removed From Office in Instituting Mandamus to Compel Reinstatement is Upon Relator.*

Where relator has been unlawfully removed from an office he was legaly entitled to hold, and under the law and facts is entitled to reoccupy, the burden of proving a sufficient excuse for unreasonable delay in instituting a mandamus proceeding to compel the power which removed him to reinstate him to such office is upon the relator. No rule can be laid down as to what constitutes laches in bringing a mandamus proceeding to regain possession of an office from which relator has been unlawfully removed, but each case must depend upon its own peculiar facts and circumstances. (p. 679).

Original proceeding in mandamus by J. H. Cunningham, against the City of Huntington.

*Writ refused.*

*J. W. Perry* and *J. R. Strickling,* for relator.
*C. W. Strickling,* for respondent.

McGINNIS, JUDGE:

This is a mandamus proceeding instituted in this court by the petitioner, J. H. Cunningham, against the City of Huntington, praying for an alternative writ of mandamus

against said city commanding it to restore petitioner to the office of Bertillion Inspector of said city or to office of Desk Sergeant.

Upon the filing of said petition an alternative writ was issued and made returnable to this Court on the 18th day of November, 1924, which writ was duly served and the return of said city was regularly filed herein.

The writ alleges that:

"Whereas, the City of Huntington, situate in the said county, is a municipal corporation exercising its powers by a Board of Commissioners of three members, one of whom is the Mayor, and that amongst the power granted and conferred upon said Board of Commissioners is the power to appoint police officers and to provide for the payment thereof to protect the lives, property, decency and morality of the city. And all persons appointed to a position in the Police Department, as provided in Section 78 of the Charter of the said City of Huntington, shall hold their offices or positions during good behavior and that all charges against any person appointed to the said department shall be heard and determined by the said commissioners of the city after ten days' notice to the accused of the charge preferred against him, notifying the person charged of the time and place of hearing upon such charges and giving him an opportunity to be heard at such time and make such defense as he may desire to make to said charge. It is further provided by said section that upon the hearing of such charge against said person, the Board of Commissioners by a vote of a majority of the members elected may sustain the same and dismiss the accused from the service of the city and that the Mayor or Chief of Police of said Police Department pending the trial on such charges may suspend the accused officer or employee without pay and if he shall finally be dismissed from the service he shall receive no pay, but if the charges against such officer or employee are not sustained he shall be paid the salary during such period of suspension; that on the 1st day of July, 1922, the office of Bertillion Inspector was duly created as a part of the Police Department

under the authority of the power conferred upon the commissioners of the said City of Huntington in the charter of said city, by an ordinance duly passed and that on the 15th day of June, 1922, J. H. Cunningham was duly appointed Bertillion Inspector of the City of Huntington, and his salary fixed at One Hundred Sixty-five ($165.00) Dollars per month; that under said appointment said Cunningham assumed the duties of his office and performed the same without complaint and was duly paid his salary by said city until the 7th day of January, 1924. On that day without his knowledge and consent and against his wish and over his protest, the commissioners of the City of Huntington at a meeting of said commissioners entered the following order:

"On motion—the following appointments were made in the Police Department:

T. W. Patterson, Chief of Detectives.
J. H. Cunningham (petitioner), Desk Sergeant.
Garfield Rose, Bertillion Inspector.

On motion the meeting was adjourned.
(Signed)     FLOYD S. CHAPMAN, *Mayor.*"

The salary of the Desk Sergeant had theretofore been fixed at One Hundred Fifty ($150.00) per month; that under the charter of the said city, as aforesaid, the commissioners of the City of Huntington did not have authority or power to remove him, said Cunningham, from Bertillion Inspector, except upon charges being preferred against him and heard and an affirmative vote of the majority of the commissioners sustaining said charges and that no charges were made or preferred against him as such Bertillion Inspector; that nothwithstanding the fact that he, said Cunningham, was unlawfully removed as Bertillion Inspector, he assumed the duties of acting Desk Sergeant only under protest and remained in such position and performed his duties as such acting sergeant until the 1st day of October, 1924, when he was suspended by C. A. Midkiff, Chief of Police of said city; that said suspension was made upon the ground "insubordination towards his superior offi-

cers. Discourtesy towards the general public in all of his dealings towards the public." That upon being suspended said Cunningham made a demand upon the Board of Commissioners of the said City of Huntington that they require specific charges to be made and filed against him that he might make defense thereto; that notwithstanding his demand that specific charges be made against him, yet, the Mayor or Chief of Police or any other person has made no charge against him, nor have the Commissioners fixed any time and refuse to fix any time, to hear any charge and no hearing has ever been had during all of which time said Cunningham has been out of the office to which he is duly entitled, that said Cunningham is the duly appointed Bertillion Inspector and that he is now entitled to said office under and by virtue of the charter of the City of Huntington and his appointment by the board of said commissioners of said city, he not having been removed therefrom according to law and that by reason of the unlawful act of the City Commissioners in appointing Garfield Rose as Bertillion Inspector, and transferring him to Desk Sergeant, the City of Huntington is indebted to him, said Cunningham, in the sum of One Hundred Twenty-seven Dollars and fifty cents ($127.50) being the difference in the salary of the said two offices and that by reason of the unlawful action of the said commissioners by which he was removed from said office of Bertillion Inspector and later acting Desk Sergeant, the city owes him a salary for the month of October One Hundred Sixty-five ($165.00) Dollars, a total indebtedness by reason of the unlawful act of the said city of Two Hundred Ninety-two Dollars and fifty cents ($292.50)."

The return of the City of Huntington does not deny what we think are the material allegations in the writ, and alleges "That it is also true that on the 1st day of July, 1922, the Board of Commissioners of the City of Huntington created an office in the Police Department and as a part thereof under title of Bertillion Inspector by virtue of the power and authority conferred upon them, and that by another ordinance effective as of July 1, 1922, the salary of the Bertillion Inspector was fixed at $165.00 per month."

The return admits the appointment of relator as alleged in the Writ, admits his transfer from Bertillion Inspector to Desk Sergeant as alleged in the Writ, and admits that the salary of the Desk Sergeant is $150.00 per month, and quotes section 78 of chapter 11 of the Acts 1921 (Municipal Charters), which is as follows:

> "All persons appointed to a position in the Police Department and Fire Department under this act (except the Chief of Police and the Chief of Fire Department) shall hold their offices or positions during good behavior. The Board of Commissioners shall hear and determine all charges against any officer or employee of said city after ten days' notice to the accused of the charges preferred against him, and the time and place of hearing on such charges, and an opportunity to the accused to be heard at such meeting in his defense. After thus hearing such charges the Board of Commissioners, by a majority vote of the members elected, may sustain the same and dismiss said accused from the service of the city. The mayor, or chief of the fire department, or the chief of the police department, as the case may be, pending the trial on such charges, may suspend the accused officer or employee without pay, and if he shall finally be dismissed from the service of the city he shall receive no pay, but if the charges against officer or employee are not sustained, he shall be paid his salary during such suspension."

Respondent avers that it did not remove the said Cunningham or discharge him from the Police Department of the city, but merely moved him from one position to another in said department. That in taking such action the Board of said City of Huntington exercised the discretion conferred upon it by the charter of the City of Huntington by which it is given the right and authority to transfer from time to time the various persons appointed therein from one position to another. The return also alleges, and it is shown by the record, that the relator was removed from the office of Bertillion Inspector and another man appointed in his place on the 7th day of January, 1924, and that he was on that day appointed to the office of Desk Sergeant; that said relator

had been paid his salary of $165.00 per month from the time of his appointment to the date of his removal as Bertillion Inspector, and that since that time, and until the 1st day of October, 1924, the relator acted under his appointment as Desk Sergeant, and regularly received his monthly salary therefor. It also appears that the relator has not been removed as Desk Sergeant, but has been suspended under the provisions of the charter of the City of Huntington.

We do not find any provisions in the charter of the City of Huntington authorizing the Board of Commissioners to transfer an officer in one of the departments of the city to another position in the same department, and under said charter said Board is not vested with such discretionary powers as would permit it to do so.

The relator, under said charter after he was appointed Bertillion Inspector, was entitled to hold the same during good behavior, and before he could be legally removed or transferred from said position, he was entitled to ten days' notice of any charges preferred against him, with an opportunity to be heard thereon. This notice was not given him, and this opportunity to be heard was not accorded to him. It does not necessarily follow, however, that the relator is entitled to the relief sought, and we are of the opinion that he is not entitled to the writ for the reason that he has been guilty of laches. In this case there was a delay of nine months without an adequate explanation for the same, during all of which time the relator acted as Desk Sergeant and accepted the salary provided for such office without protest as to the amount thereof. Where, without authority or where the proper proceedings have not been taken, an officer is removed from an office which he had a legal right to hold, and is entitled under the law and facts to reoccupy, and he neglects to promptly apply for mandamus to restore him to such office, and delays for nine months, without sufficient excuse or explanation to seek this remedy the relief sought should be denied him because of his laches. No precise rule can be laid down as to what constitutes laches in applying for mandamus, thus every case must depend upon its own facts and circumstances. 28 Cyc. 447; *People* v. *Welde,* 59 N. Y. Supp. 1030.

The burden of showing sufficient excuse for his delay is upon the relator, and the record in this case fails to disclose a sufficient explanation for relator's action in delaying to exercise his rights by the writ of mandamus to compel the city to reinstate him in the office of Bertillion Inspector. He states he made repeated protests against the action of the city in removing him from said office as Bertillion Inspector, and made frequent demands to be reinstated. It however appears that he acted as Desk Sergeant for nine months and received his salary without protest, and did not institute proceedings to regain possession of said office of Bertillion Inspector until after he had been suspended as Desk Sergeant.

For the reasons stated the writ is denied.

*Writ denied.*