VIRGIL R. HERTZOG

v.

H. M. FOX, MAYOR OF THE TOWN OF WORTHINGTON, *et al.*

(No. 10824)

Submitted June 5, 1956.          Decided June 19, 1956.

*A. Blake Billingslea, Harrison Conaway*, for plaintiff in error.

*Amos, Amos & Webb, Benjamin H. Webb*, for defendants in error.

HAYMOND, JUDGE:

This is a proceeding in mandamus instituted in the Circuit Court of Marion County, in December 1955. The petitioner, Virgil R. Hertzog, seeks a writ to require the defendants, H. M. Fox, Mayor of the town of Worthington, West Virginia, C. L. Sturm, Recorder, J. M. Barr, L. D. Baker, Frank Mayo and Joe Martino, Councilmen, to permit him to occupy the office of councilman of the town of Worthington, to which he was elected in June, 1955, and to which he claims to be entitled, and to require the defendant Kenneth Willis, the present occupant, to deliver possession of that office to the petitioner.

The circuit court overruled the motion of the defend-

ants, H. M. Fox, Mayor, C. L. Sturm, Recorder, L. D. Baker, Joe Martino, and Kenneth Willis, to dismiss the petition and their demurrer to the petition as amended; and, the proceeding having been heard upon the petition as amended, the joint and several answer of the designated defendants, the general replication of the petitioner to the answer of those defendants, and a written stipulation of agreed facts filed by all the parties which included certain exhibits, the circuit court, by final order entered March 15, 1956, refused to grant the relief prayed for by the petitioner, dismissed this proceeding, and entered judgment against the petitioner for costs.

To the final judgment of the circuit court this Court issued this writ of error upon the application of the petitioner on April 23, 1956 and on April 30, 1956, granted the motion of the petitioner for leave to move to reverse the final judgment of the circuit court.

The material facts are not disputed and, as the election of the petitioner to the office of councilman of the town of Worthington is conceded, the controlling question is whether petitioner has lost his right to hold that office by failing to qualify within the time and in the manner provided by law.

At a regular election held in the town of Worthington, Marion County, West Virginia, on June 7, 1955, petitioner was elected a member of the council of the town and on June 13, 1955, the town council, sitting as a board of canvassers, completed its canvass of the election returns and entered in the minutes of the council that the petitioner had been duly elected to the office of councilman but whether it did or did not issue and deliver to the petitioner a certificate of the result of the election does not clearly appear. On June 16, 1955, however, the petitioner received, presumably from the recorder of the town, a form of oath designated "Oath of Office" and on June 24, 1955, he took and subscribed the oath of office before a notary public of Marion County. The petitioner did not file the oath of office and the certificate of the

officer administering it in the office of the recorder of the town until July 5, 1955, which was twenty two days after the declaration by the board of canvassers of his election, and he did not file a certified copy of such oath and certificate in the office of the clerk of the county court of Marion County until September 16, 1955.

The term for which the petitioner was elected was for two years from July 1, 1955. Though the first regular meeting of the new council was fixed by an ordinance for the first Monday in July, which was July 4, the first meeting of the council was not held until July 18, 1955. At that meeting of the council, on motion of a member, duly seconded, the office of the petitioner as a member of the council was declared by a vote of three to two to be vacant on the ground that the petitioner had not filed the oath of office in the office of the recorder of the town until July 5, 1955, which was twenty two days after the result of the election had been declared and entered of record. The petitioner was present at the meeting and he objected to the action taken by the council in vacating his office. No prior notice that any action to declare the office of the petitioner vacant would be taken at that meeting of the council was given to the petitioner. A representative of the Citizens Party also appeared in behalf of the petitioner and objected to the action of the council in declaring the office of the petitioner vacant for the stated reason that no prior notice of such action had been given to the petitioner and informed the council that the matter would be litigated in the courts.

At a subsequent regular meeting of the council held on August 15, 1955, a motion by a member that the defendant Kenneth Willis, who had been an unsuccessful candidate at the June election, be appointed a member of the council to fill the vacancy resulting from the action of the council on July 18, 1955, was seconded and adopted by a vote of three to one. Following the foregoing action of the council the defendant Kenneth Willis has acted and continues to act as a member of the council in the place and stead of the petitioner who has not been

permitted by the council to occupy the office to which he was elected.

On December 22, 1955, the petitioner instituted this proceeding in the circuit court.

If the petitioner is entitled to hold and occupy the office of councilman to which he was duly elected in June, 1955, the writ should be awarded for it is well settled in this jurisdiction that mandamus is the proper remedy to admit or restore to office a person who shows a clear legal right to an office and is wrongfully excluded from it. *Stowers* v. *Blackburn,* 141 W. Va. 328, 90 S. E. 2d 277; *State ex rel. Rogers* v. *Board of Education of Lewis County,* 125 W. Va. 579, 25 S. E. 2d 537; *State ex rel. Thomas* v. *Wysong,* 125 W. Va. 369, 24 S. E. 2d 463; *State ex rel. Lambert* v. *Board of Canvassers of Nicholas County,* 107 W. Va. 109, 147 S. E. 484; *State ex rel. Looney* v. *Carpenter,* 106 W. Va. 170, 145 S. E. 184; *Hall* v. *Stepp,* 105 W. Va. 487, 143 S. E. 153; *State ex rel. Hall* v. *County Court of Gilmer County,* 87 W. Va. 437, 105 S. E. 693; *Griffith* v. *County Court of Mercer County,* 80 W. Va. 410, 92 S. E. 676; *Trunick* v. *Town of Northview,* 80 W. Va. 9, 91 S. E. 1081; *Booten* v. *Pinson,* 77 W. Va. 412, 89 S. E. 985, L.R.A. 1917A, 1244; *Martin* v. *White,* 74 W. Va. 628, 82 S. E. 505; *State ex rel. James* v. *James,* 73 W. Va. 753, 81 S. E. 550; *Kline* v. *McKelvey,* 57 W. Va. 29, 49 S. E. 896; *Schmulbach* v. *Speidel,* 50 W. Va. 553, 40 S. E. 424, 55 L.R.A. 922; *Bridges* v. *Shallcross,* 6 W. Va. 562; *Dew* v. *Judges of Sweet Springs District Court,* 3 Hen. & M., Va., 1, 3 Am. Dec. 639.

The provisions of the statute, Section 11, Article 3, Chapter 8, Code, 1931, relating to the oaths of officers of a municipal corporation are expressed in this language: "Every person elected or appointed to an office in such corporation shall, within twenty days after his election or appointment and before he shall enter upon the duties of his office, take and subscribe the oath of office prescribed for district officers; which may be done before any person authorized by law to administer oaths,

or before the mayor or recorder of such town, which oath, with the certificate of the officer administering the same, shall be filed, recorded and preserved in the office of the recorder of the town, and a certified copy of such oath and certificate shall be filed and recorded in the office of the clerk of the county court of the county."

It is clear that the foregoing quoted portion of the statute which precedes the semicolon expressly relates to the time within which a person elected or appointed to a municipal office must take and subscribe the prescribed oath of office and requires such oath to be taken and subscribed within twenty days after his election or appointment and before he shall enter upon the duties of the office. It will be observed, however, that the residue of the quoted portion of the statute following the semicolon, though it provides that the oath may be taken and subscribed before any person authorized by law to administer oaths or before the mayor or the recorder of the town and though it also provides that such oath and the certificate of the officer who administers it shall be filed, recorded and preserved in the office of the recorder of the town and a certified copy of such oath and certificate shall be filed and recorded in the office of the clerk of the county court, does not expressly specify any time within which such oath shall be filed in the office of the recorder or any time within which the certified copy shall be filed and recorded in the office of the clerk of the county court.

Article 1, Chapter 6, Code, 1931, relates generally to oaths of office and Section 5 of that article provides that the oaths required of persons elected or appointed to any office in this State shall be taken after such person shall have been elected or appointed to office and before the date of the beginning of the term, if a regular term, but that if the election or appointment is to fill a vacancy such oath shall be taken within ten days from the election or the appointment and, in any event, before such person enters into or discharges any of the duties of the office. Section 6 of the same article relates to certificates

of the oaths of officers and particularly specifies the office in which such certificates of the oaths of various officers shall be filed and recorded but does not prescribe any time within which any such certificate must be filed. Section 7 of the same article provides that no person elected or appointed to any office, civil or military, except members of the Legislature, shall enter into the office, exercise any of the authority, or discharge any of the duties of such office, or receive any compensation before he takes the oath of office.

Section 5, Article IV, of the Constitution of this State provides that "Every person elected or appointed to any office, before proceeding to exercise the authority, or discharge the duties thereof, shall make oath or affirmation that he will support the Constitution of the United States and the Constitution of this State, and that he will faithfully discharge the duties of his said office to the best of his skill and judgment; and no other oath, declaration, or test shall be required as a qualification, unless herein otherwise provided."

The manifest intent of the foregoing provision of the Constitution and the foregoing statutory provisions relating to the oath of a person elected or appointed to a public office is to impose the absolute requirement that such person must take and subscribe the oath prescribed by the Constitution before such person can hold or possess a public office, and that such oath is an essential requirement to the qualification of any person to hold or possess any public office in this State. See *Brannon* v. *Perkey,* 127 W. Va. 103, 31 S. E. 2d 898, 158 A.L.R. 639. It is significant, however, that there are no constitutional provisions, except the provision in Section 16, Article VI of the Constitution that the Secretary of State shall record and file the oaths subscribed by members of the Legislature, but only statutory provisions, which require the oath or a certificate of the oath to be filed, recorded and preserved in certain specified public offices; and it is evident that the purpose of the Legislature in enact-

ing those provisions was merely to make and preserve a public record of the oath required to be taken and subscribed by a public officer. The taking of the requisite oath, after a person has been appointed or has been declared to have been elected to a public office, is the essential requirement to his qualification for the office, and the requirement that he file the oath in the manner provided by the applicable statute is merely incidental to his qualification.

That taking the oath within the time prescribed enables a person elected or appointed to a public office to qualify for such office is supported by statements contained in numerous decisions of this Court. In the opinion in *Slater* v. *Varney*, 136 W. Va. 406, 68 S. E. 2d 757, 70 S. E. 2d 477, these statements appear: "Under the foregoing statute a candidate elected to an office for a regular term can not qualify for the office until he takes the oath prescribed by law, but he must take such oath before the date of the beginning of the regular term to which he has been elected." In *Carr* v. *Wilson*, 32 W. Va. 419, 9 S. E. 31, 3 L.R.A. 64, this Court said "The only provisions as to qualification of officers are in Code 1887, c. 10, s. 7, requiring, that officers shall take the oath within sixty days after they have 'been duly declared elected,' with the proviso as to the executive officers, that they shall do so 'on or before the 4th of March next after they are declared elected, or before they exercise the duties of their respective offices.' "

In *Trunick* v. *Town of Northview*, 80 W. Va. 9, 91 S. E. 1081, this Court held in point 1 of the syllabus: "One who has been duly elected a member of the common council of a city, town, or village pursuant to chapter 47, Code 1913, and the returns of such election have been canvassed, the result ascertained and declared, and a certificate of election has been issued to him, and he has taken the proper oath, is prima facie entitled to the office, and when denied his right mandamus lies to admit him to his seat in such council." In that case the pe-

titioners, who had been duly elected as members of the council of the town of Northview for the term of one year from February 1, 1917, after the election returns had been canvassed and certificates of the result of the election had been issued, were prevented by the respondents from occupying their offices, and the respondents, at a meeting of the council, without notice to the petitioners, undertook to declare their offices vacant and the petitioners disqualified to hold the offices to which they had been elected on the ground that they did not possess the requisite property qualifications prescribed by law, and appointed other respondents as members of the council in the place and stead of the petitioners to fill the vacancies alleged to have existed because of the disqualification of the petitioners. This Court held that, when a person has been elected to an office, the vote has been canvassed by the proper authorities, the result has been ascertained and recorded, and a certificate of the result of the election has been issued to him, and he has taken the oath required, such person is prima facie entitled to the office and awarded the writ prayed for by the petitioners.

In *Daugherty* v. *Town of Mabscott*, 131 W. Va. 500, 48 S. E. 2d 342, a proceeding to obtain a declaratory judgment, the plaintiffs on June 3, 1947, were respectively elected as mayor, recorder and members of the common council of the town; the plaintiffs received no notice of their election or information concerning the results until June 9, 1947, except information posted outside each polling place in the municipality; on June 26, 1947, each plaintiff took the oath of office appropriate to the position to which he had been elected; and on July 1, 1947, each of the plaintiffs presented himself for duty in the office to which he had been elected and was by the defendants refused admission. The defendants contended that under the provisions of Section 11, Article 3, Chapter 8, Code, 1931, which is the identical statute here under consideration, each plaintiff had forfeited his office by his failure to take the oath of office within twenty days after his

election. This Court held that under the provisions of that section of the statute a municipal officer is to be regarded as elected when the returns of the election have been duly canvassed to that effect and the result declared by order of the body authorized by law to do so and not before, and that in taking the oath on June 26, which was more than twenty days after the election on June 3 but was less than twenty days after the election returns were duly canvassed on June 9, the plaintiffs had substantially complied with the provision of Section 11, Article 3, Chapter 8, Code, 1931, which requires the oath to be taken within twenty days after the election or appointment of a person to a municipal office and before such person enters upon the duties of such office. Because the plaintiffs had substantially complied with the provisions of that section of the statute this Court found it unnecessary to determine whether the provisions of the section were mandatory or directory.

As previously indicated the provision of the foregoing section of the statute which requires the oath of such person and the certificate of the officer administering it to be filed in the office of the recorder of the town and a certified copy of the oath and the certificate to be filed in the office of the clerk of the county court specifies no period of time within which those requirements are to be satisfied. It is not disputed, but on the contrary it is clearly shown, that the petitioner in the case at bar took and subscribed the oath of office in regular form before a person authorized to administer such oath on June 24, 1955, within the twenty day period provided by the statute and before the commencement of the term of office to which he had been elected; that he filed the oath of office which he had taken and subscribed and the certificate of the officer who administered it with the recorder on July 5, 1955, before he entered upon the duties of his office and before any meeting of the council had been held after July 1, 1955; and that at the first meeting of the new council, which was held on July 18, 1955, he appeared for the purpose of occupying and per-

forming the duties of the office to which he had been previously elected when, without any prior notice to the petitioner that action to declare his office vacant would be taken at that meeting of the council, he was summarily deprived of his right to occupy and discharge the duties of the office of member of the council and the office was declared to be vacant on the ground that the petitioner had failed to file the oath of office with the recorder of the town until July 5, 1955.

The action of the petitioner in taking and subscribing the oath of office on June 24, 1955, within twenty days from June 13, 1955, when the election returns were convassed and the election of the petitioner was declared and recorded, qualified him for the office and prima facie entitled him to hold and occupy it; and his failure to file the oath of office with the certificate of the officer administering it in the office of the recorder of the town and to file a certified copy of the oath of office and the certificate of the officer administering it in the office of the clerk of the county court until after the expiration of twenty days from his election, did not deprive him of that right or create a vacancy in the office.

As the petitioner had qualified for the office of councilman, by taking the oath within the time prescribed in the applicable statute, no vacancy in that office existed at the time of the meeting of the council on July 18, 1955, and there was no proper basis upon which to declare a vacancy in such office. In these circumstances, the action of the council, in declaring a vacancy in the office to which the petitioner was elected and for which he had properly qualified before the meeting of the council on July 18, 1955, and in subsequently appointing the defendant Kenneth Willis a member of the council in lieu of the petitioner to fill the purported vacancy, was unwarranted and of no legal force or effect. Such action was invalid for the additional reason that no prior notice was given the petitioner of the proposed action of the council in declaring a vacancy in the office at the

meeting on July 18, 1955, and no sufficient opportunity was afforded him to be heard or to present a defense against such action.

In *Martin* v. *White*, 74 W. Va. 628, 82 S. E. 505, this Court held in point 2 of the syllabus that a town council may judge of the election and the qualification of its own members but that it can not do so validly without notice to him whose election or qualification is questioned, and in the opinion said: "It is indeed fundamental that 'no man shall be condemned unheard.' A judgment purporting to deprive one of right without giving him an opportunity to be heard in resistance to the deprivation of his right can not avail. It seems to be conceded that those declared by the council to be disqualified to hold the offices to which they were elected were given no notice or opportunity of a hearing on the charges of disqualification made against them. The record of the council does not show notice. Nor does it show that those against whom the charges were made appeared to the proceedings. The council's action in a matter of this kind is void when its jurisdiction to act does not by its record affirmatively appear. *Shank* v. *Ravenswood*, 43 W. Va. 242. The proceedings by which White and the others were declared disqualified were wholly ex parte. One's election to office can not be annulled that way." See also *State ex rel. Rogers* v. *Board of Education of Lewis County*, 125 W. Va. 579, 25 S. E. 2d 537; *Cunningham* v. *City of Huntington*, 97 W. Va. 672, 125 S. E. 810.

The defendants cite and rely upon the case of *State ex rel. Qualls* v. *The Board of Education of Curry District, Putnam County*, 92 W. Va. 647, 115 S. E. 726, to support their contention that the filing of the oath of office of the petitioner and the certificate of the officer administering it in the office of the recorder of the town within twenty days from his election was necessary to enable him to qualify for the office to which he was elected. Though the syllabus in that case states that one elected or appointed to the office of school commissioner to fill

a vacancy can not maintain mandamus to be inducted into the office as against another person appointed to the office by the county superintendent of schools if the person first elected or appointed has failed to qualify by filing his oath of office with the secretary of the board of education within the time prescribed after the notification of his appointment or the declaration of his election by the constituted authorities, the *Qualls* case is clearly distinguishable from the case at bar. It was decided under a former statute, which was subsequently modified and is not now in force or effect, and which provided that all officers appointed or elected to fill vacancies must qualify within ten days after they are notified of their appointment or declared to be elected and that if any person elected or appointed to an office should fail to qualify within the time prescribed by law the office should be deemed to be vacant. As already indicated, Section 11, Article 3, Chapter 8, Code, 1931, which applies to the present proceeding, contains no provision which operates to render vacant a municipal office if the person elected or appointed to such office fails to qualify within twenty days after his election or appointment. It also appears from the opinion in the *Qualls* case that though the petitioners alleged that they had taken the oath of office required by law and had filed their oaths of office with the secretary of the board of education they failed to show that they had taken the oath of office within the time prescribed, and the record showed that though they were declared to be elected on November 13, 1922, they did not file their oaths of office with the secretary of the board of education until December 21, 1922, thirty eight days after they were declared to have been elected and seventeen days after the superintendent of schools had filled the vacancies in their offices by the appointment of two other persons. Because of the marked difference between the statute involved and the facts established in the *Qualls* case and the applicable statute and the undisputed material facts in the present proceeding the decision in the *Qualls* case does not govern or control the decision in the case at bar.

The contention of the defendants that the petitioner is barred from the relief which he seeks in this proceeding by laches due to his delay in its institution until December 1955, is devoid of merit; and the cases of *Cunningham* v. *City of Huntington*, 97 W. Va. 672, 125 S. E. 810, and *State ex rel. Rhodes* v. *Board of Education of Clark District, Harrison County*, 95 W. Va. 57, 120 S. E. 183, cited and relied upon by the defendants, do not sustain their contention.

Though relief by mandamus may be refused when the petitioner has been guilty of unreasonable delay and the rights of the defendant or of innocent third parties will be prejudiced by the issuance of the writ, the circumstances surrounding the delay, the character of the case, the situation of the parties, the nature of the relief sought, and whether the rights of third parties have been innocently acquired, should be considered in determining whether the delay is unreasonable and justifies application of the equitable doctrine of laches. *State ex rel. Rhodes* v. *Board of Education of Clark District, Harrison County*, 95 W. Va. 57, 120 S. E. 183. In that case delay of approximately thirty five days by the petitioner in instituting a proceeding in mandamus to require the board of education to recognize her as a teacher at a designated public school, under a binding contract between her and the board, and to require its secretary to sign the contract was held not to constitute laches on the part of the petitioner.

In *Cunningham* v. *City of Huntington*, 97 W. Va. 672, 125 S. E. 810, the petitioner was illegally removed from an office to which he had been regularly appointed but without protest he accepted an appointment to another office from the same appointive authority and received the regular salary for that office. After a delay of nine months he instituted a proceeding in mandamus to compel the authority which had removed him from the office which he had previously held to reinstate him in that office. This Court denied the writ because of the un-

reasonable delay upon the part of the petitioner in instituting the proceeding and his action in occupying the other office without protest and in accepting the salary of that office for a period of several months. Point 3 of the syllabus in that case contains this statement: "No rule can be laid down as to what constitutes laches in bringing a mandamus proceeding to regain possession of an office from which relator has been unlawfully removed, but each case must depend upon its own peculiar facts and circumstances." In 12 Michie's Jurisprudence, Mandamus, Section 20, the text contains this statement: "What constitutes laches must, of course, depend on the peculiar facts of each case." In *State ex rel. Daugherty* v. *The County Court of Lincoln County,* 127 W. Va. 35, 31 S. E. 2d 321, in which the petitioner delayed the institution of a proceeding in mandamus for fifty three days after the conclusion of a recount, this Court held in point 5 of the syllabus that "Mere lapse of time alone will not bar relief by mandamus to a candidate in a primary election seeking to correct errors of a Board of Canvassers." See generally *Stuart* v. *Lake Washington Realty Corporation,* 141 W. Va. 627, 92 S. E. 2d 891; *White* v. *Bailey,* 65 W. Va. 573, 64 S. E. 1019, 23 L.R.A., N.S., 232; *Depue* v. *Miller,* 65 W. Va. 120, 64 S. E. 740, 23 L.R.A., N. S., 775.

In the present proceeding the petitioner, having been duly elected to the office of councilman, took and subscribed the oath of office within twenty days after the declaration of his election, filed the oath of office and the certificate of the officer administering it in the office of the recorder of the town on July 5, 1955, before he undertook to perform the duties of the office, and appeared at the first meeting of the council on July 18, 1955, for the purpose of occupying the office and performing its duties which he was prevented from doing by the invalid action of the council in declaring the office vacant. His objection to that action and the statement of his representative at that meeting that the action of the council would be challenged by judicial proceedings made clear his claim to the office, and at no

time did he indicate an intention to relinquish or abandon the office. There is no showing that the delay by the petitioner until December 1955 in instituting this proceeding resulted in the acquisition by the defendant Kenneth Willis, whom the council undertook to appoint as a member of the council in lieu of the petitioner, or by the other defendants or by any other persons of any right which would be destroyed or prejudiced by the admission of the petitioner by a writ of mandamus to the office to which he was duly elected. In the circumstances disclosed by the record, the delay upon the part of the petitioner does not constitute laches which operates as a bar to the relief which he seeks in this proceeding.

A petitioner in a proceeding in mandamus who in June, 1955, is duly elected a member of council of a municipality for a term of two years from July 1, 1955, who qualifies for that office within twenty days after his election has been ascertained and declared and before he enters upon the duties of the office, who appears at the first meeting of the council on July 18, 1955, for the purpose of occupying such office and over his protest is wrongfully excluded from such office, and who at no time indicates an intention to relinquish or abandon such office, but who does not institute a proceeding in mandamus to obtain possession of such office until December 22, 1955, is not by laches barred from the relief sought in such proceeding when it does not appear that the issuance of the writ will prejudice any right of the members of the council, or of the person wrongfully appointed by it in the place of the petitioner, or of any other person.

As the petitioner has shown a clear legal right to the relief which he seeks, his motion to reverse is granted, the judgment of the circuit court is reversed, and this proceeding is remanded to that court with directions that it award the petitioner a writ of mandamus as prayed for in his petition as amended.

*Reversed and remanded*
*with directions.*