# CHARLESTON.

ARNOLD *v.* LEWIS COUNTY COURT.

(BRANNON J., absent.)

Submitted June 21, 1893.—Decided November 4, 1893.

1. CERTOIRARI—PRACTICE.

     A final decision on a writ of *certiorari* is reviewable on writ of error from this Court, according to the rules of law and practice in other cases.

2. JURISDICTION.

     When the plaintiff appeals, the amount claimed in his action generally determines the amount in controversy on the question of jurisdiction in the appellate court, although the judgment may be for less, or for the defendant.

3. CERTIORARI—PRACTICE.

     Where a record and judgment of a justice is removed and returned to the Circuit Court on writ of *certiorari* issued under chapter 110 of the Code (see Ed. 1891) it is the duty of the clerk upon receiving it to file and docket the case in the same

manner, as other cases are docketed; and upon the hearing the Circuit Court should review such judgment of the justice upon the merits, determine all questions arising on the law and the evidence, and render such judgment or make such order upon the whole matter as law and justice may require; and it is error in the court to have the case tried by a jury without having first reviewed such judgment.

4. CERTIORARI—PRACTICE.

Where the petition for and the writ of *certiorari* to a judgment of a justice show, that it was not applied for within ten days after the judgment was entered, it should not be granted, unless good cause be shown, why the writ was not applied for within ten days, and, if so issued after the time without such showing, it should be quashed as improvidently awarded.

LINN & WITHERS, for plaintiff in error, cited 18 W. Va. 559; 6 Rand. 22; 83 Am. Dec. 96; 35 Am. Rep. 110; 36 W. Va. —; 35 W. Va. 333; 16 S. E. Rep. 817; 9 W. Va. 252; 16 W. Va. 321; 17 W. Va. 212; 18 W. Va. 583; 21 W. Va. 230; 28 W. Va. 737; 30 W. Va. 236; 27 Gratt. 935.

. LOUIS BENNETT, for defendant in error.

HOLT, JUDGE:

On 9th October, 1888, George J. Arnold brought suit before a justice against the County Court of Lewis county for three hundred dollars damages for injury to his property, viz: twelve head of cattle, sustained by him by reason of a certain public highway, viz. a bridge, being out of repair. The case was tried by a jury, who found for plaintiff and assessed his damages at one hundred dollars. Four bills of exception were taken by defendant during the trial, and defendant moved the two justices to set aside the verdict and grant a new trial; but the motion was overruled, and judgment rendered for plaintiff for one hundred dollars with interest from the 8th day of November, 1888 (the date of the judgment) until paid and costs. The defendant excepted, and had the evidence certified and made part of the record.

.On the 31st day of December, 1888, the judge of the Circuit Court of Lewis county awarded defendant a writ of *certiorari* to remove into the Circuit Court for review the

record and proceedings in the cause. The writ was issued on the 7th day of February, 1889. On March 7, 1889, the defendant, George J. Arnold, appeared in court and filed certain exceptions to the transcript and other evidence and moved the court to dismiss the cause for insufficiency of the record and of the evidence; but the court without passing directly on the motion or in any way reviewing the judgment but overruling it, if at all, by implication and without setting aside the judgment of the justice retained the cause, as if it had been originally brought therein, called and impanelled a jury of six, who were elected and sworn to try the matter in difference, as prescribed by section 169, c. 50, Code, and the jury having found for defendant, judgment was rendered thereon, from which plaintiff has obtained this writ of error.

The contention is made on behalf of defendant in error, that this Court has no jurisdistion; that the amount in controversy is but one hundred dollars, which must be taken as of the date of the judgment given by the justice. The constitution (article VIII, § 3) says: "It (the court of appeals) shall have appellate jurisdiction in civil cases, where the matter in controversy exclusive of costs is of greater value or amount than one hundred dollars;" plainly showing by excluding costs, that interest is not to be excluded.

The statute (chapter 131, § 18) says: "Every judgment, except where it is otherwise provided by law, shall bear interest from the date thereof, whether it be so stated in the judgment or not;" thus making interest an inseparable incident of the principal sum adjudged. The judgment for one hundred dollars was rendered by the justice on the 8th day of November, 1888, and by its own terms bears interest from date. That the constitution means that in this instance interest on the principal shall be included in determining the jurisdictional amount is further shown by section 12 of the same article, which provides that "the Circuit Court shall have original and general jurisdiction of all matters at law, where the amount in controversy exclusive of interest exceeds fifty dollars;"—each clause as a context to the other, thus showing that when interest is

to be excluded, the constitution so provides, and therefore when it is silent, the interest is to be included as an inseparable part of the sum in ascertaining the amount in controvery in reference to jurisdiction. See, also, article III § 13, Const. So that the value actually in controversy, principal and interest, at the given time, whatever that time may be, determines the question of jurisdiction in this case. This was three hundred dollars as to plaintiff in the trial before the justice, and was the same amount, as this record shows, on the trial *de novo* in the Circuit Court. But plaintiff did not complain of the amount found by the jury in the trial before the justice, nor did he put himself in condition to complain in this Court of the finding of the jury in the Circuit Court, if he had desired to do so.

On the point of including interest, see *Wilson* v. *Sparkman*, 17 Fla. 871; *Schillman* v. *Lachman*, 23 Cal. 198. In *Stratton* v. *Society* (1827) 6 Rand. (Va.) 22, Judge CARR says: "We feel no doubt as to the jurisdiction of the court. The interest is unquestionably a part of the matter in controversy." See *Gage* v. *Crockett*, 27 Gratt. 735; *Campbell* v. *Smith*, 32 Gratt. 288; *Harman* v. *City of Lynchburg*, 33 Gratt. 37.

When the judgment was rendered before the justice for plaintiff for the sum of one hundred dollars with interest from November 8, 1888, the date of the judgment, the plaintiff had a right to complain, for he had laid his damages for injury to his cattle caused by the breaking down of the county bridge at three hundred dollars and the jury and the justice only gave him one third of that; but the matter in controversy in dispute, for which the suit was brought, contested by defendant, about which witnesses were examined, the matter in difference which the jury was sworn to try, was three hundred dollars from the standpoint of the plaintiff (*Lee* v. *Watson*, 1 Wall, 337); yet plaintiff chose to abide by the verdict, and relinquish the balance of his claim, rather than prolong the controversy.

But the defendant was dissatisfied with the judgment, which it could have paid at once, and could not increase it for jurisdictional purposes beyond one hundred dollars by

waiting for the interest to run. When it was tried *de novo* by a jury in the Circuit Court on the same pleadings—plaintiff's claim for three hundred dollars and defendant's plea that there was no damage—and the jury found for defendant, and judgment was entered on it, three hundred dollars was *prima facie* from plaintiff's standpoint the amount in controversy; but he did not put himself in condition to claim it to that extent, but he did put himself on record as claiming one hundred dollars thereof with interest from 8th November to that date. That is what he did claim in the Circuit Court, as matter of fact shown by the record, and that is what he then on the trial *de novo* lost, if the judgment stands.

He in effect moved the court to dismiss the cause or to hear it on the merits on the writ of review, and give him a judgment for the one hundred dollars and interest. By his motion to dismiss the writ of review for insufficiency of evidence to warrant the setting aside of the judgment below he brought his claim of what he was entitled to distinctly to the attention of the court; and it then became the duty of the court, if not of its own motion, to take up the record of the writ of *certiorari,* review the judgment of the justice upon the merits, determine all questions arising on the law and the evidence, and render such judgment or make such order upon the whole matter as law and justice might require.

If this had been done, it would have appeared that the writ of *certiorari* ought to have been dismissed as improvidently awarded; for it was not applied for until December 31, 1888, fifty two days after the date of the judgment, and no cause of any kind was assigned or shown for the delay. Plaintiff had the right to have the cause heard and determined by the court on the writ of *certiorari* in review, as the awarding of the writ does not *ipso facto* set aside the judgment and leave it to be tried *de novo,* as if it were an appeal proper from the judgment of the justice. This was an error of law apparent on the record, having no relation to the trial by the jury.

But it would answer no useful purpose to remand the cause for further proceedings in the Circuit Court when

the record shows that it ought to be dismissed as improvidently awarded. It is well known that, so far as this writ of review applies to this particular class of cases, it is intended to cure and supplement chapter 50, as far as it can be done, in allowing appeals after trial by jury before a justice. In *Poe* v. *Machine Works*, 24 W. Va. 517, with us a leading case on the remedy by *certiorari*, it was held that "in cases where the party has permitted the time for appeal to expire, *certiorari* will not issue for relief, unless upon a special showing unmixed with any blame or negligence on the part of such party." See *Long* v. *Railway Co.*, 35 W. Va. 333 (13 S. E. Rep. 1010); *Bee* v. *Seaman*, 36 W. Va. 381 (15 S. E. Rep. 173) both cases arising under the statute as it now is, in which this analogy furnished by the time allowed for appeal was applied. To keep chapter 50 (the Code of the justice) and matters relating to it alone a consistent whole, as near as can be, is so important for the general convenience, that it ought not to be disregarded without some good reason.

The cases cited above require that the judgment complained of be reversed, and that the writ be quashed as improvidently awarded.