W. B. HARRIS *v.* CITY OF HUNTINGTON *et al.*

(No. 8067)

Submitted February 5, 1935. Decided February 26, 1935.

*Frank Eaton,* for plaintiffs in error.
*F. C. Leftwich* and *H. L. Ducker,* for defendant in error.

MAXWELL, JUDGE:

By peremptory writ of mandamus, the circuit court of Cabell County required respondents, the City of Huntington, its mayor, the director of public safety and the civil service board to restore relator, W. B. Harris, to his position as lieutenant

of police in the police department of said city with salary appurtenant, and required the members of the civil service board to rescind their action purporting to demote the relator from lieutenant to patrolman. The respondents were awarded writ of error.

In 1927, the relator, then a patrolman, was appointed a lieutenant of police in which capacity he served until about the middle of the year 1934. On the 3rd of April, 1934, the civil service board passed an order attempting to demote relator "for the efficiency of the Police Department and upon the verbal recommendation of Chief of Police, B. M. Robinson." This was done without charges preferred or hearing granted. The mayor then in office refused to recognize the authority of the board to make the demotion. The relator continued to serve as lieutenant. A new mayor came into office about the middle of June and immediately confirmed the order and so informed relator by written communication, and directed him to resume the duties of patrolman under orders of his superior officers. Relator, under protest, then entered upon the duties of patrolman but retained his lieutenant's badge. On June 25th, the director of public safety, by communication in writing, suspended relator for a period of thirty days without pay "for violation of the rules and regulations of the Civil Service Board and police department." The relator ceased work as patrolman. On July 6th, the director of public safety, by supplemental letter, informed the relator that the charges against him were: "1. Failure to turn in your lieutenant's badge on the order of the Mayor. 2. Willful disobedience of the order of the Mayor demoting you from the rank of lieutenant to that of patrolman. 3. Conduct subversive of good order and discipline of the department." Three days before the said supplemental letter was written, a rule returnable July 11th, to show cause why a peremptory writ should not issue, had been awarded in this proceeding by the circuit court.

Respondents take the position that inasmuch as neither the charter nor any ordinance of the city of Huntington provides for the position or office of lieutenant of police, the relator is without basis for mandamus; that he may not be restored to

an office which does not exist. Formerly, the charter of the city of Huntington made provision for lieutenants of police, not to exceed four in number. Acts of the Legislature of 1927, Municipal Charters, chapter 17, section 18. But such provision does not appear in the present charter. Acts of the Legislature of 1933, Second Extraordinary Session, chapter 161.

Notwithstanding there is no charter nor ordinance provision for lieutenants of police, respondents' point is not well taken. Relator was not demoted on the ground that there was no longer any authorization of law for lieutenants of police; the proceedings contained no intimation of that kind. After the new charter became effective, February 16, 1934, relator continued in the discharge of the duties of a lieutenant; he was so dealt with by respondents. And, though there is no express sanction of law for lieutenants of police, there is no reason why the set-up of the police department may not include lieutenants. In fact, the position taken by respondents on one aspect of the second phase of this case, presently to be discussed, is not only consistent with the existence of different grades of service in the police department, but is inconsistent with any other view. They say that under a provision of section 52 of the new charter the civil service board has express authority to make promotions for merit in the police department, and they reason that the right to demote is a concomitant power, though not expressly authorized by the charter. Obviously, a man can not be promoted within an organization unless there is something higher therein to which to promote him. He can not be demoted unless there is a lower rank. There can be neither promotion nor demotion in the police department unless there be different grades among the men. Respondents in emphasizing the right of promotion therefore necessarily recognize that there are different grades. The fact that the relator was dealt with by respondents as a lieutenant demonstrates that they considered such position as existent. In fact, the suggestion that there is no such position as lieutenant in the Huntington Police Department is not to be found in the record but only in the brief of counsel. For the reasons stated, we find that the respondents' initial position is not sound.

Section 52 of the charter creates civil service in police and fire departments, under supervision of a civil service board composed of the mayor and four appointive members. Salient provisions are these:

> "The duties of the civil service board shall be to examine and certify all applications for positions in the police department or fire department, except the chiefs thereof; to hear and determine all appeals made by members of either of those departments, who are under civil service; to hear evidence, summons witnesses and render judgments in all cases in which charges have been preferred against any officer of either of those departments; to make promotions of members of either of the departments when it is deemed advisable for increased efficiency * * *.
>
> "Appointments to the police department and fire department shall be made, by the civil service board * * *. Hereafter all appointments to the police department or the fire department shall be made for the term of five years, subject to suspension and dismissal as provided herein; and at the expiration of said five-year term, the officer may be reenlisted for another term of five years * * *. All persons now under civil service in either of said departments shall have advantage of civil service and shall continue in office unless removed for cause and in the manner provided in this section."

Further, the mayor, or the chief of either of said departments with the consent of the mayor, may suspend a man for thirty days "for just cause, by giving such officer or member written notice of such suspension, defining the cause or causes therefor." He shall have right of appeal to the civil service board within ten days. The mayor may dismiss a member from either department for reasonable cause "by giving written notice to such person, clearly defining the charges preferred against him, and fixing a time, not later than ten days from that time, on which such member may appear for trial before the civil service board."

It may be conceded that, as incident to the board's power of appointment and promotion, and power of confirmation of dismissal by the mayor or the chief of the police or fire de-

partments, and, for the general welfare of the two departments, the board has the right to demote an officer, other than the chief. But such demotion must not be arbitrary. It can be only for reasonable cause, and not without a hearing. The power of demotion must be exercised in a manner harmonizing with the spirit of the act. That spirit accords with an underlying principle of the civil service system that a public servant protected thereby may not be summarily removed from his post, whether by demotion, suspension or dismissal without cause and without hearing. In conceivable circumstances demotion may be tantamout to dismissal.

It follows that the respondents were without authority precipitately to demote the relator in the manner disclosed by this record. He is therefore entitled to reinstatement.

This record presents no question as to the right of proper authorities of the City of Huntington, within their discretion, for the welfare of the city, to make *bona fide* reduction in numbers in the personnel of the police and fire departments, and, as a necessary consequence of such policy, to make proper demotions. That question therefore is not affected by this decision.

Considering the several matters set forth, we are of opinion there was no error in the circuit court's action awarding to the relator a peremptory writ of mandamus as sought by him. We affirm the order.

*Affirmed.*