THE CITY OF HUNTINGTON *et al. v.* W. Z. SMITH *et al., etc.*

(No. 9234)

Submitted February 25, 1942. Decided March 24, 1942.

*Samuel Biern* and *McDaniel Purcell,* for plaintiffs in error.

*Scott & Ducker,* for defendants in error.

LOVINS, JUDGE:

Pursuant to the provisions of Chapter 57, Acts 1937, (Michie Code 1937, 8-5A-13) W. Z. Smith filed his petition with the Civil Service Commission of the City of Huntington for a hearing and investigation of the action of the Chief of Police of the City of Huntington in ordering him to assume the duties of a patrolman as of January 2, 1941, praying that he be restored to his position as electrician in the Huntington Police Department. After a full hearing of the matter, the Commission found that Smith "held the status of electrician in the Huntington Police Department" on January 1, 1941, and that the chief of police was

"without authority under the Civil Service Statute of 1937, in demoting said W. Z. Smith to the rank of Patrolman." On review by certiorari in the Circuit Court of Cabell County, the action of the commission was upheld, and the matter comes here on writ of error and supersedeas to the judgment of the Circuit Court.

In that court, it was also adjudged that the action of the chief of police was an attempt to reduce Smith in rank and pay without first having complied with the requirements of the Civil Service Act of 1937, and that Smith be restored to his position as electrician in the police department at the salary being received by him on January 1, 1941, with pay at that rate of salary from April 1, 1941.

In May, 1916, Smith was appointed as electrician for the police department, on part-time service, at a salary of eighty-five dollars a month. In December, 1930, he was certified by the Huntington Civil Service Board as having passed the examination for policemen, and the record of proceedings of the Board of Commissioners for the City of Huntington, on December 17, 1930, contains the following:

> "Appointment of W. Z. Smith as Electrician and regular member of the Police Department.
> "Mayor Taylor announced that W. Z. Smith who has heretofore been appointed to the Police Department is, as of this date, hereby assigned to regular duty in said Department and that said assignment is in addition to his present work in said Department so that the said W. Z. Smith may devote all of his time to the electrical work of the City and receive the compensation now being received by him and in addition thereto the regular salary of a patrolman."

On July 31st, following, Smith went on full-time duty as electrician and has never performed the duties of a patrolman in the police department. His monthly salary has averaged about thirty dollars more than that of a patrolman, although he has never received the full amount provided in his appointment of December 17, 1930. On Jan-

uary 1, 1941, he was directed by the chief of police to report for duty as a patrolman on the following day, but has never done so, having requested and received a leave of absence. By letter of January 10, 1941, to the Mayor and Chief of Police of Huntington, Smith objected to the assignment of January 1, 1941, as an attempt to reduce him in rank, prohibited by the Civil Service Act of 1937, and requested a written statement of reasons for that action, as provided by the act. Receiving no answer, Smith wrote again on January 25th and the Chief of Police replied by letter that "This action was taken for the good of the service." The proceeding before the Civil Service Commission followed.

Section 13 of the Civil Service Act, in addition to providing for the hearing, includes the following: "No member of any police department within the terms of this article shall be removed, discharged or reduced in rank or pay except for just cause, which shall not be religious or political, * * *; further, no such employee shall be removed, discharged or reduced except as provided in this article, and in no event until he shall have been furnished with a written statement of the reasons for such action." It is also provided that a copy of the reasons shall be furnished to the civil service commission and that a hearing shall be held if demanded by the person removed or reduced, at which hearing "the burden shall be upon the removing officer to justify his action and in event that the civil service commission finds the action of the removing officer unjustified, then the person removed shall be reinstated * * *."

Section 13, while providing for appeals from the commission to the circuit court and this Court, successively, in the event that the action of the removing officer is upheld, is silent as to a similar right in the removing officer or the municipality. Review by certiorari is, therefore, the proper method of procedure where the person removed has been reinstated by the commission, that body being within the definition of an "inferior tribunal" as that term is used in Code, 53-3-2. *State ex rel. Board of Education* v. *Martin*, 112 W. Va. 174, 178, 163 S. E. 850. Section 13, after

providing for the appeal to the circuit court on behalf of the person removed, then states, in effect, that the circuit court's decision shall be final unless the "employee" is the aggrieved party. The effect of this manifest indifference to the rights of the municipality, or the employee, is not here involved, however, since this Court has appellate jurisdiction in cases of certiorari by virtue of the Constitution of this State. Const., Art. VIII, Sec. 3; *Davis* v. *Davis*, 40 W. Va. 464, 21 S. E. 906; *Arnold* v. *Lewis County Court*, 38 W. Va. 142, 18 S. E. 476.

Plaintiffs in error contend that Smith was not a "paid policeman" protected by the Civil Service Act of 1937, that the order of December 17, 1930, was a mere assignment to special duty, terminated by the chief of police on January 1, 1941, that mere tenure and receipt of increased salary did not give Smith a legal right to a position created by illegal action of the mayor and that the evidence shows that Smith never had a certain definite salary other than that of a patrolman.

This inquiry involves two basic legal and factual findings: Was there a position of electrician in the police department of the City of Huntington, and, if so, was such position protected by Chapter 57, Acts of 1937? The record shows that Smith acted as electrician for the police department without question and without express sanction of charter or ordinance from July 31, 1931, until January 1, 1941. The budget of the city for the fiscal years 1935-36 to 1940-41, inclusive, shows an allocation for the salary of an electrician from the police fund, a tacit recognition of such a position in the police department. It cannot be said that the municipal authorities of the city were unaware of the situation, thereby presuming inattention to duty on the part of such officials. Further, there is no reason why the police department for a city with a population of 78,000 should not include an electrician as indispensable to the maintenance and repair of traffic lights, police reporting systems, police call boxes and radio. As noted by the court below, such indispensability is indicated by the immediate appointment of a successor to Smith. *Harris* v. *Huntington*, 116 W. Va. 118, 178 S. E.

693, 101 A. L. R. 1320. For the effect of an appointment, originially illegal, under the Civil Service Act, see *Sturm* v. *Seamonds,* 122 W. Va. 338, 9 S. E. 2d 227.

In *Ebbert* v. *Tucker,* 123 W. Va. 385, 15 S. E. 2d 583, 586, it is stated: "The legislature evidently intended by the enactment of the 1937 police civil service act to provide for a complete and all-inclusive system for the appointment, promotion, reduction, removal, and reinstatement of all officers (except the chief of police), policemen or other employees of all paid police departments in all cities and municipalities of five thousand or more. In fact, in section 20 (1937 Michie Code, 8-5A-20), it is expressly so stated." The broad terms of section 20 include, we think, the position here involved and do not in any manner conflict with section 13 in its provision that "No member of any police department within the terms of this act shall be removed, discharged or reduced in rank or pay except for just cause * * *."

It has been hereinbefore noted that section 13 of the Civil Service Act of 1937 prevents a reduction in rank or pay without "just cause", that "such employee" shall be furnished with a written statement of the reasons for the action and a copy thereof furnished to the civil service commission and that at the hearing, the burden is on the "removing officer" to justify his action. While we cannot say that the change of position from that of electrician to that of patrolman is a reduction in rank, it was a reduction in pay, as shown by the record herein; therefore, Smith was warranted in invoking the provisions of said section. Even if it could be said that the provisions relating to the written statement of the reasons for the reduction were complied with, plaintiffs in error did not sustain the burden of justification thereof, nor was there any attempt to do so, aside from the contention that no position or employment within the contemplation of the act existed.

We, therefore, perceive no error in the holding of the Circuit Court of Cabell County that Smith held the status of electrician in the Huntington Police Department on January 1, 1941, and was protected as such by Chapter 57, Acts of 1937. The judgment of the circuit court is affirmed.

*Affirmed.*