STATE *ex rel.* LINZEY CLARK

*v.*

IRA L. DADISMAN, JR., *etc., et al.*

(No. 12965)

STATE *ex rel.* JAMES TEAL

*v.*

IRA L. DADISMAN, JR., *etc., et al.*

(No. 12966)

STATE *ex rel.* MILTON S. WOOLWINE, JR.

*v.*

IRA L. DADISMAN, JR., *etc., et al.*

(No. 12967)

Submitted June 9, 1970.        Decided June 30, 1970.

Dissenting Opinion June 30, 1970.

*Burton & Burton, Walter W. Burton,* for relators.

*Chauncey H. Browning, Jr.,* Attorney General, *Cletus B. Hanley,* Deputy Attorney General, *Dennis R. Vaughan, Jr.,* Assistant Attorney General, for respondents.

CALHOUN, JUDGE:

This case involves three separate proceedings in mandamus instituted in this Court by which the three relators seek, generally speaking, to require the Director of Personnel and the members of the Civil Service Commission of West Virginia to restore the relators to the positions of employment which they severally held with the West Virginia Alcohol Beverage Control Commissioner and from which positions of employment they have been discharged. Because the three mandamus proceedings involve similar factual situations and substantially identical legal questions, by agreement of counsel and consent of this Court, they have been combined for argument, submission and decision.

The combined cases have been submitted for decision on the three several mandamus petitions with attached exhibits, upon a demurrer to the petition filed in behalf of the respondents in each case and upon briefs and oral argument of counsel. The questions presented for decision are questions of law, the pertinent facts being undisputed.

These cases have their background in *State ex rel. Karnes v. Dadisman,* 153 W.Va. 771, 172 S.E.2d 561. In that case, the Court held that an executive order issued on January 11, 1969, by Honorable Hulett C. Smith, who was then Governor of West Virginia, placing certain employees of the West Virginia Alcohol Beverage Control Commissioner under coverage of civil service, was valid and was not rendered invalid by a subsequent executive order issued on July 14, 1969, by Honorable Arch A. Moore, Jr., the succeeding and present

Governor of West Virginia. The effect of the Court's decision in the *Karnes* case was to hold that the designated employees of the West Virginia Alcohol Beverage Control Commissioner continued without interruption to have the benefits of civil service coverage, in accordance with the laws of this state, from the effective date of the executive order entered by Governor Hulett C. Smith.

It is the contention of counsel for the respondents that the relators, after having been discharged, have failed properly to comply with the provisions of a statute and of a civil service rule which deal, in part, with the procedure for reinstatement by the Civil Service Commission of employees, covered by civil service, who have been improperly discharged from their positions of employment.

Code, 1931, 29-6-13, as amended, contains the following provisions:

> "Any employee in the classified service who is dismissed or demoted * * *, may, *within thirty days after such dismissal, * * * appeal to the commission for review thereof. * * *. If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reinstated to his former position or a position of like status and pay, without loss of pay for the period of his suspension. * * *.* Any final action or decision taken or made hereunder shall be subject to review by the supreme court of appeals, if appeal is made within sixty days of the action or decision complained of." (Italics supplied.)

Article XII, Section 4, Subsection 1, of the West Virginia Civil Service System Rules and Regulations contains the following provision which is similar in import to the provisions of the statute quoted immediately above:

> "A permanent employee who is dismissed, * * * *shall have the right to appeal to the Commission not later than 30 days after the effective date of the dismissal, * * *.* Such appeal shall be in writing and shall be transmitted to the Director who shall arrange a formal hearing before the Commission within 30

days ·after receipt of the appeal. * * *. Both the employee and the Personnel Officer of the agency involved shall be notified reasonably in advance of the time and place of the hearing. The employee and an agency official designated by the appointing authority shall have the right to present witnesses and give evidence before the Commission. * * *." (Italics supplied.)

We are of the opinion that the provisions of the statute and civil service rule quoted immediately above are not decisive of these cases and that they do not preclude the relators from the relief they seek in these proceedings. It is our view that such provisions are intended to apply, primarily at least, to an employee whose employment has been terminated for cause pursuant to the civil service laws, rules and regulations.

In each case the relator charges that the Civil Service Commission, by action reflected by minutes of a meeting of that body held on August 4, 1969, officially declared the validity and efficacy of the executive order issued on July 14, 1969, by Honorable Arch A. Moore, Jr., Governor; that the Civil Service Commission still refuses to recognize that the relator is entitled to the benefits of civil service coverage; that the Alcohol Beverage Control Commissioner did not state in writing any reason for discharging the relator from his position of employment, though it is alleged that the relator was discharged on the basis of an assumption that the executive order issued by Governor Moore removed the relator from the category of employees covered by civil service ,laws, rules and regulations; and upon the assumption that, therefore, it was lawful and proper to discharge the relator·without regard to the provisions of the laws, rules and regulations relating to the civil service system.

It is not disputed that each of the three relators, pursuant to the executive order issued by Governor Smith, was covered by civil service protection afforded to state employees in accordance with the provisions of Article 6, Chapter 29, Code, 1931, as amended, and the rules and regulations of the Civil Service Commission promulgated pursuant to pertinent statutes.

Linzey Clark was employed as a stock handler in the receiving department of the Alcohol Beverage Control Commissioner. On or about October 1, 1969, he was notified of the termination of his employment, to be effective on October 16, 1969, and that he was not covered by civil service. He undertook to appeal to the Civil Service Commission on April 2, 1970.

James Teal was employed as an auditor for the Alcohol Beverage Control Commissioner. On or about July 1, 1969, he was notified of the termination of his employment, to be effective July 15, 1969, and that he was not covered by civil service. He undertook to appeal to the Civil Service Commission on April 1, 1970.

Milton S. Woolwine, Jr., was employed as a cashier for the Alcohol Beverage Control Commissioner. On August 1, 1969, he was notified of the termination of his employment to be effective August 22, 1969, and that he was not covered by civil service. He undertook to appeal to the Civil Service Commission on April 1, 1970.

We deem it pertinent to observe that, in each of the three cases, the employment was terminated after the date of the issuance of the executive order by Governor Moore and before the date of the decision of the *Karnes* case in which this Court held that Governor Moore's executive order was ineffectual in its purpose to supersede or to nullify the executive order previously issued by Governor Smith. In these circumstances, the Alcohol Beverage Control Commissioner obviously was motivated by an honest but mistaken belief that it was not necessary for him to comply with the laws, rules and regulations pertaining to civil service when he terminated the several positions of employment of the three relators in these mandamus proceedings.

It is undisputed that none of the three relators applied for an appeal to or a hearing by the Civil Service Commission within thirty days from the date of the termination of his employment, though each proceeded with reasonable promptness to apply for such an appeal or a hearing after the date

of the decision of the *Karnes* case. It is obvious, we believe, that until the date of the decision of the *Karnes* case, both the Alcohol Beverage Control Commissioner and the Civil Service Commission did not recognize that any of the three relators had any rights or protection under the statutes, rules and regulations pertaining to civil service coverage of state employees. It is obvious, therefore, that any effort of any of the three relators to demand an appeal to or hearing before the Civil Service Commission would have been unavailing.

Each petition alleges that, on or about April 20, 1970, "the Alcohol Beverage Control Commissioner tendered to the respondents an Order," a copy of which was made an exhibit with and a part of the mandamus petition. The orders, except for the difference in the names of the three relators, were as follows:

## APPEAL FROM DISMISSAL

### BY

## MILTON S. WOOLWINE

### VS

## ALCOHOL BEVERAGE CONTROL COMMISSION

This day came the Alcohol Beverage Control Commissioner, in person and by and through his Attorney, Joe Hodgson, Assistant Attorney General of the State of West Virginia, and this day also came Milton S. Woolwine, in person, and by his Attorney, Walter W. Burton, whereupon the Alcohol Beverage Control Commissioner announced that he did not wish to proceed further in regard to the discharge of the said Milton S. Woolwine and moved said Civil Service Commission to reinstate the said Milton S. Woolwine to his former position or a position of like stature and pay, without loss of pay for the period of his suspension from August 22, 1969.

It is, therefore, adjudged and ordered that the said Milton S. Woolwine is hereby reinstated to his former position or a position of like stature and pay, without

loss of pay for the period of his suspension from August 22, 1969.

Dated this the ——— day of April, 1970.

Presented by: Robert C. Conaty
Alcohol Beverage Control Commissioner
*by Joseph E. Hodgson*
Assistant Attorney General

 

Chairman

 

Member

 

·Member

Approved by:

*Walter W. Burton*

While the proposed order, which has been referred to in the case as an "agreed Order," was not adopted and entered by the Civil Service Commission, it has a strong tendency to indicate that Honorable Robert C. Conaty, as Alcohol Beverage Control Commissioner, recognized that the three relators had been improperly discharged from their several positions of employment, and that he desired to rescind or to countermand his previous actions in this respect and to recognize that the employment of each of the three had meantime continued without any lawful interruption.

The civil service statutes of this state were enacted by Chapter 130, Acts of the Legislature, Regular Session, 1961, and are embodied in Article 6, Chapter 29, Code, 1931, as amended. Section 8 provides for formulation and promulgation of rules to govern the operation of the civil service system and contains the following language:

"* * *. The new rules shall provide:

* * *

"(11) For discharge or reduction in rank or grade only for cause of employees in the classified service. Discharge or reduction of these employees shall take place only after the person to be discharged or

reduced has been presented with the reasons for such discharge or reduction stated in writing, and has been allowed a reasonable time to reply thereto in writing, or upon request to appear personally and reply to the head of the department or his deputy. The statement of reasons and the reply shall be filed as a public record with the director."

A portion of Section 2, Article XI, West Virginia Civil Service System Rules and Regulations, promulgated pursuant to the statute quoted immediately above, is as follows:

"The Appointing Authority, 15 days after notice in writing to a permanent employee stating specific reasons therefor, may dismiss any employee who is negligent or inefficient in his duties, or unfit to perform his duties, who is found to be guilty of gross misconduct, or who is convicted or any crime involving moral turpitude. * *. *."

It is undisputed that the Alcohol Beverage Control Commissioner did not comply with the requirements of the statute and rule quoted immediately above in connection with the termination of the employment of any of the three relators in these mandamus proceedings. On the contrary, according to the allegations of the mandamus petitions, the truth of such allegations being admitted by a demurer to the petition in each case, each of the relators was summarily discharged from his position of employment as a consequence of a mistaken belief on the part of the Alcohol Beverage Control Commissioner that the civil service status of each of the relators had been legally terminated or nullified by the executive order issued by Honorable Arch A. Moore, Jr., Governor.

The decision of this Court in the *Karnes* case demonstrates that the relators were discharged under a misapprehension of the law; that the several positions of employment of the relators have not been legally terminated; and that the relators continue to be covered and protected by the pertinent statutes, rules and regulations pertaining to the civil service system provided for state employees in the specified categories and positions. See *The City of Huntington v. Smith*, 124 W.Va.

175, 19 S.E.2d 581; *Harris v. City of Huntington,* 116 W.Va. 118, 178 S.E. 693.

The prayer of the mandamus petition in each case is that the respondents be commanded "to enter the agreed Order, and to grant him all his rights under the Rules of the Civil Service System of the State of West Virginia, or in the alternative to grant the petitioner a hearing in accordance with the law and rules of the Civil Service System and for such other, further, and general relief as the nature of this cause and the premises may require and as your Honors may see fit to grant."

For reasons previously stated, we are of the opinion, and accordingly the Court holds, that the three relators in these mandamus proceedings were never at any time legally discharged from their several positions of employment in which admittedly they were covered by the civil service system and entitled to the rights, benefits and protection thereof; and accordingly the respondents are directed either to enter the "agreed Order" in each case pursuant to the request of Commissioner Conaty, or to enter orders of like import, or otherwise to take such action as may be proper to restore each of the relators to his former position of employment, or a position of like status and pay, without loss of pay, for the period beginning at the effective date of his dismissal from such position of employment.

We are of the opinion that the duty of the respondents in the circumstances is a legal, mandatory and nondiscretionary duty and that mandamus is a proper proceeding by which to compel compliance with such duty. *State ex rel. Greenbrier County Airport Authority v. Hanna,* 151 W.Va. 479, pt. 3 syl., 153 S.E.2d 284.

For reasons stated in this opinion, a writ of mandamus is awarded in each of the three cases in accordance with the holding of the Court expressed in this opinion.

*Writs awarded.*

BERRY, JUDGE, dissenting:

I respectfully dissent from the majority opinion in these mandamus proceedings because I am of the opinion that the petitioners did not comply with the mandatory statutory requirements in order to obtain the relief sought, and therefore the extraordinary proceeding in mandamus will not lie.

There is no question but that the petitioners were under Civil Service at the time they were discharged. The case of *State ex rel. Karnes v. Dadisman,* 153 W.Va. 771, 172 S.E.2d 561, so held. In the *Karnes* case this Court held that the Executive Order of former Governor Hulett C. Smith of January 11, 1969, placing Karnes, as well as the petitioners in these proceedings, under Civil Service was a valid Executive Order and that the Executive Order of Governor Arch A. Moore, Jr., dated July 14, 1969, attempting to invalidate the Executive Order of former Governor Smith was improper.

Code, 29-6-13, as amended, provides that any employee under Civil Service who is dismissed may appeal such dismissal to the Civil Service Commission within thirty days after such dismissal, and the rules and regulations of the Civil Service system, Article XII, Section 4, subsection 1, provide that any employee under such service shall appeal such dismissal not later than thirty days after the effective date of the dismissal. It is admitted in this proceeding that the petitioners did not appeal their dismissals within the thirty-day period as did the petitioner in the *Karnes* case.

The purpose of the appeal in such case is for the Civil Service Commission to ascertain whether any dismissal is without good cause in the first instance, and an appeal from such finding may be made to this Court within sixty days of the action or decision of the Civil Service Commission. Code, 29-6-13, as amended. The majority decision in this proceeding has circumvented the mandatory requirements of the statute, and has found initially that these dismissals were without good cause which should be done in the first instance by the Civil Service Commission.

The writ of mandamus was granted in the *Karnes* case to compel the Civil Service Commission to give Karnes a hearing to determine if he had been dismissed for good cause. The writs granted by this Court in these proceedings place the petitioners back in their former positions with back pay without a written appeal having been filed with the Commission within thirty days as required by statute and without any hearing having been held by the Civil Service Commission to determine whether or not the dismissals were for good cause as required by the statute. In the almost identical case of *State ex rel. Jones v. City of Nashville et al.,* 198 Tenn. 280, 279 S.W.2d 267, the Supreme Court of Tennessee refused to grant a writ of mandamus, saying that a record as to reason for dismissal should have first been made before the Civil Service Commission.

In other words, the mandatory administrative procedure was not followed in these cases, and therefore there would not be a clear legal right for the issuance of the writs of mandamus to restore these petitioners to their former or like status and pay.

For this reason, I would refuse to grant the writs.