BENJAMIN E. HARRIS

*v.*

THE CIVIL SERVICE COMMISSION OF THE
STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13008)

CARY G. HALSTEAD

*v.*

THE CIVIL SERVICE COMMISSION OF THE
STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13009)

HAROLD F. CARNEY

*v.*

THE CIVIL SERVICE COMMISSION OF THE
STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13010)

EDDIE SOUK

*v.*

THE CIVIL SERVICE COMMISSION OF THE
STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13011)

RALPH WILLIAMS

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13012)

KARL LAW

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13013)

GLEN E. LEE

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13018)

ANTHONY F. SILVESTER

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13019)

GEORGE L. KINDER

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13020)

STEVE KOZMA

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13023)

CARL E. SMITH

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13024)

LINN F. SECRIST

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13025)

CHARLES E. SMITH, JR.

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13026)

L. F. MASDEN

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13027)

FRANKIE R. HALL

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13028)

ARTHUR R. WILBURN

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13029)

LOYAL HOWARD

*v.*

THE CIVIL SERVICE COMMISSION OF
THE STATE OF WEST VIRGINIA,
*et als., etc.,* ALCOHOL BEVERAGE CONTROL COMMISSIONER OF
THE STATE OF WEST VIRGINIA AND JOHN R. BARBER, *etc.*

(No. 13035)

Submitted January 13, 1971.     Decided February 9, 1971.

*Burton & Burton, Walter W. Burton, Robert H. Burford, Sam Harshbarger, Thomas R. Goodwin, Leo Catsonis, Charles E. Barnett,* for appellants.

*Chauncey H. Browning, Jr.,* Attorney General, *Dennis R. Vaughan, Jr.,* Assistant Attorney General, for appellees.

BERRY, JUDGE:

These seventeen consolidated cases are appeals by Charles E. Smith, Jr., George L. Kinder, Cary G. Halstead, L. F. Masden, Karl Law, Linn F. Secrist, Harold F. Carney, Anthony F. Silvester, Arthur R. Wilburn, Carl E. Smith, Steve Kozma, Frankie R. Hall, Eddie Souk, Ralph Williams, Benjamin E. Harris, Glen E. Lee and Loyal Howard from orders of the Civil Service Commission of the State of West Virginia under the provisions of Code, 29-6-13, as amended. The appeals were granted October 19, 1970, October 26, 1970, and December 7, 1970. Leave to move to reverse the orders of the Civil Service Commission was granted on November 30, 1970 and December 14, 1970. All of the cases were submitted for decisions at the same time on arguments and briefs by the respective parties on January 13, 1971.

All of the cases involve practically the same situation and there is no controversy with regard to the facts relating thereto. All of the appellants were employees of the Alcohol Beverage Control Commissioner and were discharged summarily by the Commissioner without compliance with the requirements of the Civil Service Law specifying written notification to the employee with reasons given therefor and allowing the employee a reasonable time to defend himself before his superiors, as required by Code, 29-6-8(11), as amended. The reason for the confusion is that the Alcohol Beverage Control Commissioner treated the appellants as not being protected

by the Civil Service Law whereas the appellants now claim they were entitled to such protection.

The Alcohol Beverage Control Commissioner was a subject of controversy by orders of two governors as to whether his employees were under Civil Service. On January 11, 1969, about one week before leaving office, Governor Hulett C. Smith, a Democrat, by executive order placed most of the employees of the Alcohol Beverage Control Commissioner under Civil Service, thereby preventing their future summary discharge. The incoming Republican Governor, Arch A. Moore, Jr., after some months in office, on July 14, 1969, issued an executive order attempting to countermand the executive order of Governor Smith on the ground that the Smith order had not complied with the law relating to the manner of the issuance of such order. After the issuance of Governor Moore's executive order it was assumed that employees of the Alcohol Beverage Control Commissioner were not under Civil Service. Four of the appellants were discharged prior to Governor Moore's order but the remainder were discharged thereafter at various times during the summer and fall of 1969.

Another employee of the Alcohol Beverage Control Commissioner, Charles I. Karnes, was discharged on August 14, 1969, about the same time as some of the appellants named herein. He attempted to appeal his discharge to the Civil Service Commission under the provisions of Code, 29-6-13, as amended, within thirty days of his discharge, but the Civil Service Commission refused to hear his appeal contending that he was not covered under Civil Service. Karnes instituted a mandamus proceeding in this Court under its original jurisdiction to force the Civil Service Commission to give him a hearing, contending that he was covered under Civil Service. This mandamus proceeding was decided on March 3, 1970, by which it was held that employees of the Alcohol Beverage Control Commissioner were covered by Civil Service by virtue of Governor Smith's executive order which was a valid order, and ordered the Civil Service Commission to give Karnes a hearing as required by Code, 29-6-13, as amended. *State ex rel. Karnes v. Dadisman,* 153 W.Va. 771, 172 S.E.2d 561.

None of the appellants in this consolidated case attempted to appeal his dismissal to the Civil Service Commission within thirty days of his dismissal as did Karnes, and the Civil Service Commission apparently refused to allow appeals of any employee of the Alcohol Beverage Control Commissioner which were filed more than thirty days after dismissal following the decision in the *Karnes* case.

Three employees of the Alcohol Beverage Control Commissioner, Linzey Clark, James Teal and Milton S. Woolwine, Jr., who had been summarily discharged by the Commissioner, attempted to file appeals with the Civil Service Commission within a short time after the decision in the *Karnes* case, but the Commission refused to grant them a hearing on the grounds that the appeals should have been filed within thirty days after their dismissals. These three men instituted an original mandamus proceeding in this Court in which this Court held that they had filed their appeals with "reasonable promptness" under the circumstances, after learning of their rights when the *Karnes* case was decided, and also that they were never legally discharged; and this Court ordered that they be placed in their former positions. *State ex rel. Clark v. Dadisman*, 154 W.Va. 340, 175 S.E.2d 422.

The *Clark* case was decided June 30, 1970, and in effect the holding in that case was that employees of the Alcohol Beverage Control Commissioner, under the circumstances involved, did not have to file an appeal within thirty days of their dismissals as apparently had been required by the Civil Service Commission. Each of the appellants in this consolidated case filed his appeal with the Civil Service Commission within two to six or seven weeks after the decision in the *Clark* case.

The Civil Service Commission conducted hearings in the seventeen cases involved herein, and most of the cases were heard on August 10, 1970, or soon thereafter. The order entered in each case was identical and stated that their appeals had not been timely made.

The sole issue, which is the same in each case, is whether or not the appellants timely asserted their claims for

reinstatement after being discharged, and whether or not their claims are barred by the doctrine of laches.

It is conceded that the appellants are all covered by the Civil Service System and for all intents and purposes were illegally discharged. In such case it is generally held that employees who are so discharged must take positive action to be reinstated within a reasonable time after their discharge. Appeals were requested by the appellants within a period of six to fourteen months from the date of their discharge. However, where a delay can be explained by reason of conditions which would constitute an excuse for the failure to promptly assert the rights of the discharged employee the time with regard to the delay which constitutes laches would run from a different period. One of these conditions would be where the matter is involved in a test case in court relating to the filing such as the *Karnes* and *Clark* cases. Annotation in 145 A.L.R. 767 et seq.

The case of *State ex rel. Rhodes v. Board of Education*, 95 W.Va. 57, 120 S.E. 183, decided by this Court in 1923, illustrates this principle. The petitioner in that case was having difficulty with the school board concerning her employment. The old school board agreed to employ her as a teacher on June 29, 1923, and the new school board repudiated the contract of employment on July 2, 1923. On September 10, 1923 she appeared at the school to which she had been assigned, offered her services and was refused to be allowed to teach under her contract of employment. She brought no proceeding with regard to her employment as a teacher until October 15, 1923. A test case had been instituted in the Supreme Court to determine whether the board could employ a teacher before July 1, but was not decided until August 30, 1923, at which time this Court held that she was not guilty of laches under the circumstances of that case and that the board was required to employ her.

In the case of *Cunningham v. City of Huntington*, 97 W.Va. 672, 125 S.E. 810, this Court held that the time to be considered pertaining to laches begins to run from the date of dismissal and a nine-months delay in bringing a proceeding

to be reinstated in a former position was barred by laches. In that case there was no explanation or excuse as to the delay to enforce his rights, and the time of course began to run from the date of the action taken in connection with his position.

In the instant consolidated case the uncertainty as to whether the employees of the Alcohol Beverage Control Commissioner were covered under Civil Service was not determined definitely until the decision of this Court relating thereto in the *Karnes* case on March 3, 1970, and the question with regard to whether appeals had to be filed with the Civil Service Commission under the circumstances involved herein within thirty days of the date of the discharge was not definitely decided until this Court decided the *Clark* case on June 30, 1970, when it held that the thirty-days period required by Code, 29-6-13, as amended, was not applicable under the conditions existing relative to the employees of the Alcohol Beverage Control Commissioner. This was the first time the appellants in the instant case could have become aware of the fact that they could file appeals or petitions for a writ of mandamus for reinstatement to their former positions, and therefore the time to be considered regarding the doctrine of laches would run from the date of the decision in the *Clark* case, June 30, 1970. Inasmuch as all of the notices of appeals were filed with the Civil Service Commission within a period of a few weeks from that date, which would be considered a reasonable time with regard to the promptness of filing, we are of the opinion that the lapse of time applicable to this consolidated case is not sufficient to bar the cases under the doctrine of laches. See Annotation 145 A.L.R. 767.

For the reasons stated herein the motions to reverse are granted. Accordingly, the orders of the Civil Service Commission that the appeals to it were not timely filed are reversed and each of the appellants in this consolidated case is restored to his former position of employ or a position of like status and pay, without loss of pay, for the period beginning at the effective date of his dismissal from such position of employment.

*Motion to reverse granted.*