TONY BAVA

*v.*

CIVIL SERVICE COMMISSION OF WEST VIRGINIA
AND JOHN R. BARBER,
ACTING ALCOHOL BEVERAGE CONTROL COMMISSIONER

(No. 13021)

Submitted January 14, 1971.     Decided February 9, 1971.

*Burton & Burton, Walter W. Burton,* for appellant.

*Chauncey H. Browning, Jr.,* Attorney General, *Dennis R. Vaughan, Jr.,* Assistant Attorney General, for appellees.

CALHOUN, JUDGE:

This case is upon an appeal from a final order of the Civil Service Commission of West Virginia, hereinafter sometimes referred to in this opinion as the commission, by which order the commission held that Tony Bava, the appellant, voluntarily signed and executed a resignation in writing from his position of employment with the West Virginia Alcohol Beverage Control Commissioner. The appellant has been granted leave to move to reverse the order of the commission.

The appellant, Tony Bava, was employed by the Alcohol Beverage Control Commissioner on July 1, 1967, as an inspector. He continued to hold that position of employment until April 15, 1969, when his employment was terminated. The sole issue to be determined by the Court in this case is whether the resignation signed and executed by the appellant was a valid and proper resignation.

It is admitted by the parties that the appellant's appeal to the civil service commission was properly and timely filed. It has been stipulated by the parties that, at the time the appellant's employment was terminated, the Alcohol Beverage Control Commissioner incorrectly took the position that the appellant, in his position of employment, was not covered by the civil service laws of this state. The basis of this mistaken belief is stated and explained in *State ex rel. Karnes v. Dadisman,* 153 W.Va. 771, 172 S.E.2d 561.

At the hearing before the civil service commission the appellant testified that, several days prior to April 15, 1969, he received a telephone call from Lionel Herold, who at that time held the position of Director of Enforcement, Private Clubs Division, for the Alcohol Beverage Control Commissioner. According to the appellant's testimony, Mr. Herold thereby advised the appellant that he was to be "fired" and that he should make arrangements to return the state automobile

which had been assigned to Bava because of the nature of his employment. The appellant further testified that, four or five days later, he went to Mr. Herold's office to notify him that he had returned the automobile. During a discussion relating to the termination of the appellant's employment, Mr. Herold advised the appellant that it would "look better on your record saying that you resigned rather than being fired." The appellant testified that, as a consequence of that suggestion, he signed the resignation, effective April 15, 1969.

The appellant's testimony was not disputed by Mr. Herold. At the hearing before the civil service commission, Mr. Herold testified that he had notified the appellant that he was "fired". The following excerpts from Mr. Herold's testimony indicate the undisputed facts in relation to the circumstances under which the appellant's employment was terminated:

Q. Mr. Herold, you have heard the testimony of Mr. Bava, have you not?

A. Yes, Sir!

Q. Would you state to the Commission whether his testimony was correct or incorrect in terms of your involvement with the situation.

A. Yes, it was correct.

\* \* \*

Q. Did you at any time advise Mr. Bava that unless he signed it he would be fired?

A. He asked me what I thought and I told him that as a matter of employment record, it would look better if he was resigned rather than dismissed.

Q. But, you knew that he would be dismissed if he did not resign because you told him that four days before?

A. I called him and there was a basis for this.

\* \* \*

Q. \* \* \* It is a fact, is it not, Mr. Herold, that a letter was written by the Republican County Chairman saying that they want Tony Bava discharged?

A. Yes, Sir! That letter was not given to me formally. I just happened to glance at it and I cannot say that I have read the letter entirely but I have read the letter that was lying on Commissioner Conaty's desk one day just by simple observation that there was reference in there to Mr. Bava from the County Chairman.

Q. Asking that Mr. Bava be discharged, terminated, gotten rid of or something.

A. It was words to that effect.

Notwithstanding the facts which are clear and undisputed from the testimony, Mr. Herold testified before the civil service commission that the appellant's resignation was voluntary and that the appellant was in no way pressured into executing a resignation in writing. This statement obviously constituted a misconstruction of the undisputed facts. The resignation was signed under the mistaken belief, shared by both Mr. Herold and the appellant, that Bava was not covered and protected by the civil service laws, rules and regulations and that he had been legally discharged previously from his position of employment.

The undisputed testimony before the civil service commission shows that the appellant was never given any written statement indicating the reasons for his discharge and that he was not aware that, at the time of his discharge, he was covered by the civil service laws of this state. In a similar situation, the Court previously held that the dismissed employee was entitled to be reinstated to his former position of employment, or to a position of like status and pay, without loss of pay from the date of his improper dismissal until the date he is reinstated. *State ex rel. Clark v. Dadisman,* 154 W.Va. 340, 175 S.E.2d 422. We are of the opinion that the decision in that

case is controlling in the case of Tony Bava, the appellant in this case.

The finding of the Civil Service Commission of West Virginia that Tony Bava, the appellant, voluntarily executed a valid resignation is not supported by the evidence and, therefore, that finding must be reversed. *Guine v. Civil Service Commission of West Virginia*, 149 W.Va. 461, 141 S.E.2d 364.

For reasons stated in this opinion, the order of the Civil Service Commission of West Virginia, dated August 10, 1970, is reversed and the appellant, Tony Bava, is ordered to be restored to his former position of employment, or to another position of like status and pay, without loss of pay from the date of his improper and invalid discharge until the date he is reinstated.

*Motion to reverse granted.*